The following opinion of the court was at this term, delivered by
Hornbbowbe, C. J.
By this Certiorari, we have, brought before us, a conviction entered up against one Johnson, by Littleton White, Esq., a justice of the peace, for profane swearing, and the confirmation thereof, by the Court of Quarter Sessions of the county of Monmouth, on an appeal to that court, by Johnson. Upon looking into the papers sent up with our writ, it appears, that on the third day of November, 1834, Joseph Barclay gave information to Justice White, under oath made before the said Justice, that on the 11th day of October then last past; he heard John I. Johnson “at Eatontown”in the county of Monmouth, swear thirty-three profane oaths in these words, to wit, “ By God &c.” On the same day, the justice issued his precept to a constable, reciting the aforesaid complaint and oath of the informant, and commanding the constable to cause the said Johnson to appear before him, (the justice) on Tuesday the 11th of the same month of November, at &c. to answer the premises, and be further dealt with according to law. On that day, the accused appeared before the justice, and the informant Barclay filed a state of demand, stating himself to be plaintiff sueing in behalf of tho Township of Shrewsbury, in the county of Monmouth, and demanding of the defendant, sixteen dollars and fifty cents, “for this, to wit; that on the 11th day of October then last past, in the township aforesaid, and within the jurisdiction of this Court, he the said John I. Johnson, swore thirty-three profane oaths, in the words to wit, “By God &c.” It further appears by the justice’s record, that Johnson demanded a jury, whereupon, the justice being in doubt, adjourned the matter to a future day. On that day, Barclay and Johnson again appeared before the justice, and a jury being denied, the justice proceeded to hear the *3 matter; thereupon Barclay was sworn, and on oath, repeated that he did hear Johnson on the 11th of October then last past, at Eatontown, in the Township of Shrewsbury, swear thirty-three oaths, in these words to wit, “By God &c.” Whereupon, the justice “adjudged” and so entered upon his docket, that the said Johnson stood convicted before him, of profane swearing in manner aforesaid, contrary to the statute in such case made and provided; and then drew up a conviction in the following words, to wit; “Conviction, Monmouth County to wit: Be it remembered, that on the twenty second day of November, in the year of our Lord, one thousand eight hundred and thirty four, John I. Johnson was convicted before me Littleton White, one of the justices of the peace of the said county, of swearing thirty-three profane oaths, on the eleventh day of October, last past, at Eatontown, in the Township of Shrewsbury, in the said county : Whereby, the said John I. Johnson hath forfeited sixteen dollars and fifty cents, to the use of the poor in the Township of Shrewsbury, in the said county, and also one dollar, being the costs and charges of the said conviction. Given under my hand and seal, the day and year above said.” Signed Littleton White, and his seal affixed.
To this proceeding, the counsel for Johnson, has with very commendable industry and research, raised many objections — -1 will endeavour to examine them all, though not perhaps in the order staled in his brief.
1st. It is objected, that the information is uncertain; that it charges thirty-three oaths, and sets forth the words of one only. And under this head, the counsel insists, that the information should specify the offence or offences, with as much certainty as is necessary in an indictment. If this was a proceeding by “information,” in the nature of a public prosecution, in a criminal case, in which an indictment would lie, the remark would he just: But this is not such a case. The information given under oath, to a magistrate, to justify his issuing process for the accused, is a very different thing from an information filed by the attorney general, in lieu of an indictment. I am not certain, which the counsel refers to, as the information; the original complaint under oath made by Barclay; or the state of demand, subsequently filed by him. If the former, I think, the *4 information was sufficiently certain and specific. He says that he heard Johnson swear thirty-three profane oaths, in these words, to wit, “ By &c.” the plain and common sense meaning of which is, that he thirty-three times repeated those words — If the counsel alludes to the state of demand subsequently filed by Barclay, that will be found equally explicit, but in truth, that state of demand was useless and nugatory. It was unnecessary, and did no hurt or good — It could not have mislead Johnson, for it was m the very words of the original complaint — Again.
2nd. It is objected that the information does not shew that the words were used profanely; that the same words may be innocently spoken in connexion with other words, as “By God the world was made” “all things were created by God” &c. It is a sufficient answer to this, to say, that if the words were so used, by the defendant, or were spoken by him in connexion with any other words, in the ordinary course of argument, or conversation, then- Barclay, the informant, has committed perjury, for he swears that Johnson uttered profane oaths — Profane oaths and rational conversation, are very different things, and it does not require judicial skill to distinguish the one from the other.
3d. Objection “ that the nature of the oaths are not set out in the information and proceedings; ” and this is said to be necessary, that the court may see whether they are profane or not.
This objection is not true in fact. The oaths are set out in the “proceedings.” The very words of the oaths are set out in the original complaint; in the summons; and again in the justice's record of the testimony on which he founded the conviction. And the conviction is then drawn up in the very words of the formula prescribed by the act of assembly, (Rev. L. 383.) It was the difficulty of drawing up convictions in due form, and with such precision and accuracy as would stand the test of legal criticism, that induced the legislature, in aid of the justices, to prescribe, as in this and other cases, a short and compendious form of conviction. (Burn’s Just. 339 tit. Convictions.) A conviction therefore, in the words of the statute, is sufficient. It is true, Eyre, Ch. Just, is reported to have said, in Moult v. Jennings, (as cited by counsel, in Crepps v. Durden, Cowp, 642) that “if the nature of the oaths had not been specified in the conviction, so *5 that they might appear to the court, the conviction would have been void.” But what is meant by “ specifying the nature of the oath ?” What more can be meant, than stating the words of the oath — Whether those words were used “ profanely” or not, it is true, must depend upon the connexion in which they were spoken, or the circumstances or occasion that gave rise to the use of them. But if the quarrel, the altercation, and all the accompanying words of the profane swearer, are to be set out in the proceedings and conviction, it would defeat the statute.
Profane swearers generally pour out their profanity, with such rapidity, and mix up their oaths with so many and such unmeaning words, that it would be impossible to specify or prove them— As to so much of the counsel’s argument, as is founded on the supposition, that without a more specific description of the oath, and the words, and the circumstances connected with it, a man might be twice convicted for the same offence; the answer is, that upon a second complaint, he could shew by proof, that it was the same oath, and spoken on the same occasion, as that for w'hieh he had been already convicted and fined — If he could not, it would be his misfortune.
4th. Another objection is, that each particular offence should have been separately set out — But this objection was made and overruled in the King v. Roberts, Str. R. 608 & S. C. 2 Ld. Raym. 1376. In the latter book, the case is reported thus. “The defendant was convicted for swearing a hundred oaths: Viz. By G — d, and a hundred curses, viz. G — d d-n you ; Sergeant Darnell took exception to this conviction, that the oaths and curses ought to have been set out a hundred times each, particularly. Sed non allocatur ; for it is sufficient to say, he swore such an oath, or made such a curse, a hundred times.” In Str. it is said, the conviction was for one hundred and fifty oaths, his verbis, videlicit, “By Gr” — and cursing one hundred and fifty curses in his verbis, videlicit, “ G — d d-n you,” without repeating each, an hundred and fifty times — The cases cited by plaintiff’s counsel on this point, [Kerr v. Harker 2 Halst. R. 349, & Hill v. Herbert, Penn. R. 924) are not applicable — ■ Those were suits at law, prosecuted in a court of record, for selling liquors by the small measure, and governed by very different rules, from those applicable to the case 1 efore us.
*6 5th. Another objection is, that only one offence, can be committed in one day, yet the justice has convicted the defendant below, of thirty-three offences committed on one and the same day.
The ease already cited from Sir. & Ld. Raym. are direct authorities against this objection — While the case of Crepps v. Durdin, Cowp. 640, affords it no support — That was a conviction for four offences, under the 29 Car. 2 Cap. 7, of a Baker, for exercising his-ordinary calling, on a Sunday — Ld. Mansfield very properly remarked, that the object of the statute, was to punish a man for exercising his ordinary trade and calling, on a Sunday; and therefore if a Taylor sews, on the Lord’s day, every stitch he takes would not constitute a separate offence.— But the object of that part of the statute, under which this conviction took place, is not to preserve the sanctity of a day, but to suppress profane swearing; every act of which, is a distinct offence against law and decency. The doctrine contended for, by the plaintiff’s counsel, amounts to this, that a man by paying fifty cents for a profane oath taken in the morning, obtains a license to spend the rest of the day, in profane swearing; such a doctrine may find some favour, in the code of dispensations and indulgences, but not much in a statute to suppress vice and immorality.
6th. The next error assigned, is that the information, does not shew the Township in which the offence was committed.
This is not necessary — The information or complaint under oath, is only to authorise the justice to issue process for the accused. It is sufficient if the Township appears in the conviction, as it does in this case.
7th. Objection — The justice refused a trial by jury
In doing so, the justice was right. Convictions before a justice, were in practise in this state, long before the Constitution was formed — by the twenty-second article of that instrument, the trial by jury was to “ remain confirmed ” as a part of the law of this (then) colony; but it was not introduced as a new mode of trial, in all cases — it was adopted, or rather continued, as it was then used in England and in this colony, and was not at that time, either there or here, resorted to in cases of summary proceedings and convictions for petty offences.
*7 Lastly. It is objected that the title of the statute, under which the conviction took place, and the name of the prosecutor, was not indorsed on the summons.
Such indorsements were not necessary. The provisions of the act relative to suits by common -informers, {Rev. L. 405.) do not apply to this case. Its application, by the terms and the whole tenor of the act, is limited to cases where the common informer is plaintiff on the record; where there is a regular suit or action at law; and where judgment is to be given, for or against the plaintiff.
X have now considered all the objections, and am of opinion,, that the order of the Sessions, confirming the conviction, must be affirmed.
I might have contented myself with shortly overruling the various objections that have been urged in this case; but as I find no case in our state reports, settling the construction, and regulating the practice under the statute for suppressing vice and immorality, I have thought it a fit occasion, to give some guide and direction to such magistrates, as may be disposed to discharge their duties, in this matter.
The conviction must be affirmed.
IPobd and Ryerson, Justices concurred.
CITED in State v. Zeigler, 3 Vroom 267; McGear et al. v. Woodruff, 4 Vroom 217.