The opinion of the Court, was delivered by
Ryerson J.
I am opinion that this proceeding is radically erroneous.
The Corporation, have no power, under their charter, to create an action of debt. It was never intended by their charter, that the Common Council might in this way, confer judicial powers on their Aldermen, or other police magistrates. The proceedings, by action, in its ordinary and limited sense, even to recover a debt or penalty for a breach of an ordinance, are radically different from the quasi criminal process, terminating in what is technically called a conviction. Of the latter, the city magistrates, as such, have jurisdiction; of the former they have not. I say the city magistrates, as such: because the judicial authority conferred on them by the 62d. section of the act constituting Courts for the trial of small causes, li. L. 642 — (or any other, if there be any other similar grant,) rests on an entirely different basis. They then sit, and act as Judges of a Special Court of *243 record ; under a special grant of jurisdiction, and not as city-magistrates. I have looked in vain through the acts conferring corporate powers on the City, for the one in question ; for the authority in the Mayor, Recorder or Aldermen, to hold plea of debt. Their judicial power if such it may be called, is conferred originally, in section 3, of the charter, R. L. 506, by the words, “shall be justices of the peace, ex officio, within the said City.” This gives no power to entertain, or try an action of debt. Justices of the peace, simply as such, have no such jurisdiction. It is true in the supplement to their charter, R. L. 614 section 1, it is enacted, “ that the Mayor, Recorder, Aldermen and Common Council may make, limit, impose and tax reasonable fines and amercements against all and upon all, who shall offend against ” their laws; “ Ac. And the said Mayor, Recorder, or either of the said Aldermen, shall and may have and take cognizance before them, of all or any action or actions to be brought for a breach of any of the said laws ” Ac. This language would seem at first view, to import, as was insisted on the argument of this cause, that these magistrates might hold jurisdiction of actions, in the restricted sense, to which I have alluded. But when we look at the whole of the section, we find what kind of action is intended ; it is for fines and amercements for a breach of the said laws. Now an action of debt is never brought to try and determine when a fine, or amercement has been incurred — or should be inflicted. This is the appropriate duty of a Justice of the peace, properly so called; or other similar tribunal. I conclude, therefore, that action is here used in the broader sense known to our law, which would include information, complaint, conviction Ac. It means no more than that the magistrate may hear, try, and determine any complaint or information of a breach of the law; convict the offender thereof; and thereupon adjudge the appropriate fine or amercement. An action of debt might then perhaps, be sustained, in a proper Court, for the fine or amercement this imposed, if not collected according to the directions contained in the latter part of the section of the statute, above, in part, recited. But that is a different proposition altogether, from the one necessary to be maintained to support these proceedings. I conclude therefore, that in this attempt of the Corporation to create an action of debt and give jurisdiction thereof *244 to their magistrates, they have transcended their powers; and their ordinance quoad hoe; is void.
I would further remark that there seems no little confusion in the ordinance in question. The third- section gives, or attempts to give an action of debt for the penalty, with power to the Aldermen &c. to entertain the action. The fourth section then directs a complaint or information — proof and conviction, similar to the proceedings in the 12th section, before referred to, of the act for the suppression of vice and immorality. — With this remarkable addition however, that the magistrate shall on due proof, “convict such offender, in such manner as is, in this ordinance prescribed.” But this is the first time the manner of conviction had been spoken of; unless the giving an action of debt, was prescribing the mode. It would seem then, as if the ordinance, confounded and blended together, a complaint, action, and judgment of debt, and conviction. And in the same confused state, on the same matters, are the proceedings before the Alderman. This would, perhaps, of itself form a sufficient ground for setting aside the whole proceedings. But it is not necessary, and I do not intend to express any definite opinion on this point.
Other objections than what I have particularly noticed, were urged against the by-law in question; and various other exceptions taken to the regularity and legality of the proceedings; all of which I shall pass by, as not now necessary to be discussed, or decided.
I will however, remark further; I am not quite clear that the subject matter of the ordinance, is not within the competency of corporate authorities to regulate. The tranquillity, and good order of their borough, they may preserve. Can they secure these, where they can not prevent, or control, such an assemblage as Circus riders, and those whom they usually attract ?
Nor does it appear, to my mind, quite clear, that regulations on the subject, being prescribed by a general statute, the corporate authorities may not superadd others, and other and greater penalties. What may be sufficient for the dispersed population of the state at large, may be inadequate to the necessities of a crowded borough — or city. But no definite opinion, on these points, is entertained or intended to be expressed.
*245 Let the judgments, order, sentence, and proceedings, both of the Alderman, and Common Council, be reversed, set aside, and annulled.
Hornblower, C. J. and Ford, J. concurred.

Judgments Reversed.

Cited in State v. Perkins, 4 Zab. 410.