## THE STATE v. GULICK.

Sur attachment for contempt, &c.

On issuing an attachment for contempt of court, in not performing an award, a different attorney from him who was attorney on record in the original suit, may be appointed by the party, and without a substitution entered of record, or ordered by the court.

Such writ is not in the nature of the civil process of *ca. sa.* And it is not requisite to indorse the sum due, in words at length, upon the attachment.

The Sheriff of Mercer county having brought the defendant into court on an attachment for not performing an award, the Attorney General moved that he stand committed &c., until he perform the award or be otherwise discharged according to law.

*J. S. Green,* for the defendant objected: First, That C. L. Hardenbergh was attorney on record, for McClure, the prosecutor: that the rule to show cause why this attachment should not issue, had been granted on his motion, and all the previous proceedings, conducted by him, as attorney for McClure, and yet this writ had been sued out and signed by R. S. Field, as his attorney, without any rule of court, substituting him as attorney in the place of Mr. Hardenbergh. And, Second, That the contempt complained of, being the non-payment of the money awarded to McClure: this writ must be considered, as in the nature of a ca. sa: and if so, then the amount due, should have

been indorsed in words at length, and not in figures. *Pract. act. Elm. Dig*, 430. *Sect.* 79.

By THE COURT. Neither of these objections can prevail. Mr. Hardenbergh was attorney for McClure, while the proceedings were purely of a civil character between the parties to the submission and award. After the rule for an attachment had been made absolute, McClure had a right to employ any attorney of this court, and without any order for that purpose, to sue out the attachment. No substitution was necessary : and if it was, a rule for that purpose might be entered *nunc pro tunc*. Even in suits at common law, it has been held, that after judgment, a party may sue out execution ; or bring a writ of error, by a different attorney, without an order to change the attorney. 1 *Archb. pr.* 25 ; *Tipping* v. *Johnson*, 2 *B. & P.* 357. The Second objection, is equally unavailable. Admitting that this writ, is in the nature of a civil execution, so far as its object is to compel the payment of money : yet it is not a ca. sa. and therefore not within the 79th section of the practice act.

Defendant's counsel then offered to read his affidavit, the object of which was, as stated by counsel, to clear the defendant of the alleged contempt ; and he insisted, it ought to be read ; because, if the motion of the Attorney General prevailed, the defendant, if unable to pay, must be imprisoned for life. The Attorney General opposed the reading of the affidavit. He said it was ex parte : but waiving that ; if the defendant was now to be heard under oath, he claimed the right of proposing interrogatories, to be submitted to him. But he insisted it was too late for the defendant to excuse himself : he should have done so, on the rule to show cause : the motion to commit was now a motion of course ; and he contended that this was not a case for interrogatories, as in cases of contempt at the common law : for which he cited 2 *Archb. Pr.* 300 ; *Id.*, 302.

By THE COURT. The defendant had an opportunity on the rule to show cause ; to lay before the court, the fact of his insolvency, or inability to pay, or any other matter going to clear himself of any intention to contemn the rule of court. If he had

The State v. Gulick.

done so, the court might have refused the attachment, and left the prosecutor to his remedy, by suit on the bond or award. It is now too late for the defendant to excuse himself, unless it be, by some matter that has arisen, since the rule was made absolute; and that is not pretended to be the case. Nor is this a case in which the defendant is to be examined upon interrogatories. The statute subjects the party, refusing to perform an award, to the penalties of contemning a rule of court; and the refusal having been established on the hearing of the rule to show cause, and no reasonable excuse having been offered for such refusal, the court have no further discretion, but must let the attachment take its course. Whether the defendant's imprisonment is to be perpetual, or whether he may be discharged as an insolvent, we are not now called upon to decide. In Baker's case, 2 *Str.* 1152, the defendant had been taken upon an attachment for not performing an award : afterwards, he became bankrupt, and obtained his certificate; upon which he moved to be discharged out of custody : the motion was opposed on the ground, that bankruptcy did not purge the contempt. *Sed per curiam :* it was a demand, for which debt would lie, and the act said, the defendant should not be arrested *prosecuted* or impleaded, for *any debt*, due before the bankruptcy; and the defendant was discharged. And in *Rex* v. *Stokes, Cowp.* 136, one in custody upon an attachment for a contempt for not paying costs, under a statute, was discharged under the Lord's act; and what was said by the judges in that case, seems very much to favor the idea, that a defendant in custody upon an attachment, for not paying money pursuant to an award, may be discharged under our insolvent laws. But on this point, we give no opinion. The motion must be granted.

*Committitur ordered.*

Cited in *Den, Hendrickson* v. *Hendrickson,* **3** *Harr.* **367.**