Tyler v. Lawson.

---

---

JOHN TYLER v. CHARLES S. LAWSON, TREASURER OF SALEM CITY.

In an action for a penalty for the violation of a city ordinance, which declares that it shall not be lawful for any person to burn tan in propelling machinery, or for any other purpose, to the annoyance and discomfort of any person or persons residing in his or their vicinity; and if he does, and shall not immediately desist, upon the request of any citizen annoyed thereby, or shall be guilty of any subsequent violation of such ordinance, he shall be liable to a fine, &c., it is necessary to allege in the state of demand, a burning after a request to desist and the names of the persons who were annoyed.

---

In debt.   *Certiorari* to the mayor of Salem city.

For plaintiff, *A. Browning.*

For defendant, —— ——.

The opinion of the court was delivered by

VREDENBURGH, J.   This was an action of debt, brought under a city ordinance by Lawson, as city treasurer, against Tyler, before the mayor, sitting as a court for the trial of small causes, to recover four penalties, of $5 each, for burning tan for propelling machinery in the city of Salem.   The cause was tried in the absence of the defendant, and judgment rendered for the plaintiff.

The charter (*Pamph. Laws* 1859, 112, § 8,) provides that it shall be lawful for the common council to pass ordinances

for *abating* or *removing* any nuisance in any street or wharf, on any lot or lots or enclosure or other place in said city, and such other by-laws and ordinances for the peace, good order, and prosperity of said city as they may deem expedient, and to enforce the observance of all such laws by exacting penalties by fine not exceeding fifty dollars.

On the 22d March, 1859, the common council passed an ordinance that it shall not be lawful for any person to burn tan in propelling machinery, or for any other purpose, to the annoyance and discomfort of any person or persons residing in his vicinity. And if he does, and shall not immediately desist upon the request of any citizen annoyed thereby, or shall be guilty of any subsequent violation of this ordinance, he shall be liable to a fine of five dollars for each offence, to be recovered in an action of debt, by the treasurer, for the use of the city.

One of the reasons assigned is, that the state of demand is illegal.

The state of demand avers that the council passed said ordinance (setting it out at length); that the defendant did burn tan on his lot, in the city of Salem, on the 13th, 17th, 18th, and 19th days of May, 1860, to the annoyance of certain persons (not naming them) residing in his vicinity, and did not and would not desist, although often requested so to do by certain citizens annoyed thereby (not naming them), and has been guilty of subsequent violations of the ordinances, by means whereof four penalties have been incurred.

There are several fatal defects in this state of demand. In the first place, the act made penal is burning after the request to stop. The acts charged are the burning first, and a request to desist afterwards.

There is no averment of any burning after the request to desist.

In the next place, no persons are named who were annoyed, nor are any named who made the request to desist. Now the defendant had a right to contest several matters under this ordinance, which he could not do unless the persons

annoyed were named. He had a right to show that the persons complaining were not annoyed; that no smell issued from his premises, or that if there did, it did not reach the complainants, or that it was not annoying to them, or that the persons complaining were not in his vicinity, or were without the limits of the corporation, or that no request had been made to him to desist.

How was it possible for him to prove any of these things, unless the names of the citizens annoyed, or some of them, were given?

A grand jury might as well indict a man for murder without saying *who* was dead. Without expressing any opinion upon the other questions argued, the judgment must be reversed.

Judgment reversed.

CITED in *Roberson* v. *City of Lambertville,* 9 *Vroom* 72.