JOHN J. MEYER v. TREASURER OF THE CITY OF BRIDGE-
TON.

1. An ordinance of the city of Bridgeton, entitled "an ordinance regulating the sale of vinous, spirituous or fermented liquors," whereby it is ordained that it shall not be lawful for any person within said city, to sell any fermented or spirituous liquors without obtaining a license for such sale, and providing a penalty for its violation, is fairly within the powers delegated to the municipality by the 10th and 17th sections of the charter.   (*Laws of* 1864, *p.* 542.)

2. It is not necessary in a complaint made for the violation of an ordinance, to set out which section, by its number in the ordinance, is violated.

3. An averment in a complaint, that a sale of liquor "was contrary to and in violation of an ordinance of said city, entitled," &c., is a sufficient averment of the existence of the ordinance at the time of the illegal sale.

Three cases between the same parties argued.

On *certiorari.*

The actions below were brought to recover penalties for violations of the second section of an ordinance of said city, entitled "an ordinance regulating the sale of vinous, spiritu-

ous or fermented liquors," whereby it is ordained that it shall not be lawful for any person within said city, to sell any fermented liquors, without obtaining a license for such sale from the mayor and common council, and that any person offending against the provisions of the ordinance, shall forfeit and pay the sum of $5, with costs, for the first offence, and the further sum of $10 for each and every other offence, to be recovered in the name of the treasurer of the city for the use of the city.

The plaintiff below recovered a judgment in each of the cases.

Argued at November Term, 1873, before Justices BEDLE, DALRIMPLE and SCUDDER.

For the plaintiff in *certiorari*, *W. E. Potter*.

For the defendant, *Reeves* and *F. F. Westcott*.

The opinion of the court was delivered by

DALRIMPLE, J.   In the consideration of these cases, I shall confine myself to the reasons filed and the points made on the argument.

The regularity of the proceedings below is first questioned, on the ground, that the common council had no legal power to pass the ordinance, for violation of which the actions were brought.

Without now discussing the question as to how far a municipal corporation may exercise powers implied, or incident to the powers expressly conferred, it will be only necessary for the decision of these cases upon the point under consideration, to notice that by the 10th section of the charter of Bridgeton, (*Laws of* 1864, *p.* 542,) power is given to the common council of said city, to pass ordinances for the more effectual suppression of vice and immorality, for preserving peace and good order, for suppressing and restraining disorderly and gaming houses, and such other by-laws and ordinances for the peace, good order and prosperity of said city, as they may deem

expedient, not repugnant to law, and to enforce the observance thereof by penalties of fine and imprisonment.

By the 17th section of the charter, sole and exclusive power is given to the mayor and common council, in council convened, to grant license to innkeepers, and retailers of spirituous liquors, residing in said city, and to such and so many keepers of oyster houses and cellars and places for the sale of fermented liquors within said city, upon such terms and conditions, and subject to such regulations as they may deem most conducive to the public good.

The object of the ordinance before us is evidently to suppress and restrain unlicensed tippling houses, and thereby prevent vice and immorality and preserve the peace and good order of the city. It is therefore fairly within the powers delegated to the municipality, and no suggestion has been made that it is oppressive, unreasonable or an abuse of power.

The *second* objection is, that the complaint avers that the alleged illegal sale of liquor was contrary to the laws of said city, whereas it should have averred that it was contrary to the ordinance of the common council. Without considering the legal sufficiency of this objection, it need only be said in respect to it, that upon examination of the complaint it does not appear to be true in point of fact. The complaint in each case contains a statement that the sale was contrary to, and in violation of, an ordinance of said city, giving the title of it, and in two of the cases, setting out the substance of that section of the ordinance on which the action is founded.

The *third* objection is, that the complaints do not set out which section of the ordinance was violated. We have not been referred to any case which holds that such particularity is necessary, nor am I aware of any principle of pleading which requires it. It will be observed that the objection is not that the section of the ordinance creating the penalty is not set out, but simply that its number in the ordinance is not given. This objection, if tenable, would only affect one of the three cases. The complaints in two of them recite, in

part at least, the section of the ordinance creating the penalty, and give its number.

The *fourth* objection is, that the complaints do not allege that the ordinance was ever passed or went into effect. This is true as to but one of the complaints. That one avers, as above stated, that the sale was contrary to and in violation of an ordinance of said city, entitled, &c. In my opinion, this is a sufficient averment of the existence of the ordinance at the time of the illegal sale complained of.

The remaining objection is, that the complaint should have averred that the forfeiture was to the treasurer for the use of the city, and not as it does, that it was for the use of said city. The section of the city charter on which the ordinance is founded, enacts " that the fine shall be recoverable, with costs, in an action of debt, in the name of the treasurer of said city, before any justice of the peace or the mayor thereof, for the use of the incorporation thereof. It seems to me that the actions have been brought in strict conformity to this enactment. They are in the name of the treasurer of the city for moneys which it is alleged have been forfeited for the use of the city. In this I see no error.

The result is, that the judgments below must be affirmed, with costs.

Justices BEDLE and SCUDDER concurred.