CHARLES J. BUCK v. HARRIET DANZENBACKER.

1. By virtue of the supplement of March 21st, 1873, to the "act for the preservation of deer and other game, and to prevent trespassing with guns," approved April 16th, 1846, all forfeitures given by the first section of the act of 1846 can be recovered only by actions of trespass.
2. The record of a conviction, under a penal statute, must show, on its face, everything necessary upon general principles to constitute a legal conviction; it should set out such facts as are necessary to constitute a statutory offence; that the defendant was convicted thereof; upon what evidence he was convicted, and the judgment of forfeiture.

On *certiorari.*

Argued at November Term, 1874, before Justices WOOD-HULL and VAN SYCKEL.

For the plaintiff in *certiorari, S. M. Dickinson.*

For the defendant, *Kingman.*

The opinion of the court was delivered by

WOODHULL, J.  This writ brings up a judgment recovered against the plaintiff in *certiorari* for a penalty under the first section of the "act for the preservation of deer and other game, and to prevent trespassing with guns." *Nix. Dig.* 362.

The action was in debt.  The section referred to provides that, if any person shall carry a gun on lands not his own, and for which the owner pays taxes, or which is in his lawful possession, without permission, in writing, from the owner or legal possessor, and shall be convicted thereof, either upon the view of any justice of the peace, or by the oath or affirmation of one or more witnesses, &c., he shall forfeit and pay to the owner, or his tenant in possession, the sum of $5, with costs of suit; such forfeiture to be sued for and recovered by the owner of the soil, or tenant in possession, before any justice of the peace, for the use of such owner or tenant in possession.

The first objection to the validity of the judgment is, that the action was in debt, when it ought to have been in trespass.

This objection is founded on a supplement to the game act, approved March 21st, 1873, which recites and provides as follows:  "*Whereas*, many irresponsible persons are trespassing with guns on lands not their own, doing much damage to stone fences, and so forth, in search of game, for which the owners had no redress on account of the action now being debt; therefore, *be it enacted*, that, hereafter, all actions brought under the first section of the act, &c., shall be actions of trespass."

The summons in this case having been issued several months after the supplement of March 21st took effect, it is insisted, on the part of the plaintiff in *certiorari*, that there could be no legal recovery of a forfeiture under the first section of the original act, unless in an action of trespass.

On the other side it is argued that the supplement was not intended to prohibit actions of debt under section 1 of the act of 1846, but merely to extend the remedy by making the forfeiture provided for in that section recoverable, either in debt or trespass, at the option of the injured party.

In other words, that "shall," in the supplement, should be construed to mean "may."

The argument, in effect, admits that the case of the plaintiff below, although within the spirit and meaning of the act, is not within its words.

But it must be borne in mind that the act in question is penal in its character, and should, therefore, receive a strict interpretation. A penal statute can never be extended by implication, and a case, which does not come within its words, shall not be brought within it by construction. In such a statute the word "and" can not be construed to mean "or." *Dwarris (Potter's)* 245, *n.* 35, 246, &c.

"We are undoubtedly bound," says Mr. Justice Story, "to construe penal statutes strictly, and not to extend them beyond their obvious meaning by strained inferences. On the other hand, we are bound to interpret them according to the manifest import of the words, and to hold all cases, which are *within the words* and the mischief, to be within the remedial influence of the statute." *The Schooner Industry,* 1 *Gall.* 114, &c.

In the language of Chief Justice Marshall, in *United States* v. *Willberger,* 5 *Wheat.* 76 : "The intention of the legislature is to be collected from the words they employ. Where there is no ambiguity in the words there is no room for construction. The case must be a strong one, indeed, which would justify a court in departing from the plain meaning of words, especially in a penal act, in search of an intention which the words themselves did not suggest. To determine that a case is within the intention of a statute, its language must authorize us to say so."

Interpreted in the light of these familiar principles, the supplement of 1873 must be understood to mean what its language plainly imports, namely, that the forfeitures, given by section 1 of the act of 1846, which had previously been recoverable by actions of debt only, should, thereafter, be recovered exclusively by actions of trespass.

The first objection taken, on the part of the plaintiff in *certiorari*, is, in my opinion, well founded.

Another fatal objection to the proceedings brought up by this writ is, that they do not show, with reasonable certainty, that the defendant below had violated, or had been convicted of violating, any provision of the act upon which the plaintiff's action was founded.

The offence aimed at was the defendant's carrying a gun on the plaintiff's land, &c., and the statute provides that any person so offending, and convicted thereof, either upon the view of any justice, &c., or by the oath or affirmation of one or more witnesses, shall, for every such offence, forfeit and pay, &c.

The only information furnished by the record sent up, with respect to the offence committed by the defendant below, the proof of it, and his conviction thereof before the justice, is found in the transcript as follows: "Plaintiff appeared and filed her state of demand. Defendant did not appear, and no reason given why he does not appear, and the plaintiff was sworn to the amount, therefore, I gave judgment in favor of the plaintiff, against the defendant, in the sum of $5 debt, &c."

This judgment is sustained by nothing in the record. It is a conclusion without premises.

The record in such a case must show, on its face, everything necessary, upon general principles, to constitute a legal conviction. *Handlin* ads. *The State*, 1 *Harr.* 96 ; *Keeler* v. *Milledge*, 4 *Zab.* 142, and authorities cited in those cases ; *Gimbert* v. *Coyney*, *McCle. & Yo.* 469 ; *Ex parte Hawkins*, 2 *B. & C.* 31.

It must show, 1st, such facts as are necessary to constitute the statutory offence ; 2d, that the defendant was convicted thereof ; 3d, upon what evidence he was convicted ; and, 4th, judgment of forfeiture.

Of these essential particulars, the last is very informally stated in this record, and the other three are wanting altogether.

The proceedings are illegal on both the grounds stated above, and the judgment must be reversed.