THE STATE, JOHN CAHILL, PROSECUTOR, v. THE PENN-
SYLVANIA RAILROAD COMPANY.

Police justices of Newark are invested with certain powers possessed by
justices of the peace, except in certain enumerated instances "and in
all other civil matters." *Held,* that a proceeding to recover a penalty
for attempting to ride on a railroad without paying fare (*Rev.,* p. 912,.
§ 18) is a civil matter, and is therefore not triable by a police justice.

A writ of *certiorari* bringing up a conviction of the prose-
cutor by the First Criminal Court of Newark, and the impo-
sition of a fine of $5 upon him.

Argued at November Term, 1893, before Justices DEPUE,
VAN SYCKEL and REED.

For the prosecutor, *Edward M. Colie.*

For the defendant, *James B. Vredenburgh.*

The opinion of the court was delivered by.

REED, J.   The proceeding now attacked was taken under
section 18 of "An act respecting railroads and canals." *Rev.,*
*p.* 512.   This section provides in substance that if any person
shall try to travel by rail without paying fare he shall forfeit
to the company a sum not exceeding $5, which fine may be
imposed, with costs, by any justice of the peace before whom
such person shall be brought, on complaint made on oath or
affirmation and after summary hearing of the facts and cir-
cumstances or on admission by the party.

The present proceeding was not taken before a justice of
the peace, but was brought before a police justice in Newark.

The first ground of objection to the conviction is aimed at
the jurisdiction of the police justice to try the cause.   His
power to take cognizance of this proceeding is denied.

The power with which police justices in cities of the first

·class are invested is defined in the acts of 1891 and 1892. *Pamph. L., p.* 152; *Pamph. L., p.* 246.

By section 4 of the act of 1892 it is provided "that the police justice shall have all the powers, authority and juris·diction of the justice of the peace in and for the several counties of this state, except the jurisdiction conferred by the ·Justices' Court act, by the acts as to landlords and tenants, by the acts as to absconding debtors, by the acts as to forcible ·entry and detainer 'and in all other civil matters.'"

It is perceived that the police justice is excluded from the ·exercises of all the power possessed by justices of the peace under the four acts mentioned and in any proceeding of a civil nature.

Is the proceeding under review a civil matter?

In the case of *Brophy* v. *Perth Amboy*, 15 *Vroom* 217, it was held by the Court of Errors that an action brought for a fine for the violation of a liquor ordinance was a civil suit. The proceedings were summary, and in that instance half of the fine went to the informer.

Actions to recover penalties have uniformly been held to be civil suits. The present proceeding is solely an action to recover a penalty. The penalty goes to the injured party. The proceeding, it is true, is summary, which means that it is ·attended with less formality than an ordinary action, but it is none the less an action to recover a sum of money.

The police justice was without jurisdiction and the convic·tion must be set aside.