IDA BALDAUF, PLAINTIFF-APPELLANT, v. NATHAN RUSSELL, A CORPORATION, AND ALICE M. TUCKER, DEFENDANTS-RESPONDENTS.

Submitted July 6, 1915—Decided November 15, 1915.

1. A defence that the plaintiff is a fictitious person attacks the ability of the plaintiff of being capable of commencing or continuing his suit by denying his existence, and is properly the subject of a plea in abatement.

2. A defence in the nature of a plea in abatement in the District Courts may be raised *ore tenus*.

3. Where a defendant sets up by way of defence to an action in the District Court, as specification of defence, that the plaintiff is a fictitious person, the burden of proof in support of such claim is on the defendant, and a judgment for the defendant on the ground that there is no evidence to show that the plaintiff was an actual person, or that such evidence which was adduced was unworthy of belief, will be set aside.

4. The failure or refusal of the plaintiff to appear in court in his own behalf does not justify the inference that such plaintiff is a fictitious person. It is a matter of common practice in actions in inferior courts for such actions to be prosecuted in the absence of the plaintiffs, and it never has been suggested that the mere failure of a plaintiff to appear is to be regarded as a sufficient basis to challenge his existence.

---

On appeal from the Supreme Court.

For the appellant, *Harry B. Brockhurst.*

For the respondents, *Barrett & Barrett.*

The opinion of the court was delivered by

KALISCH, J.    Ida Baldauf brought her action in the East Orange District Court against Nathan Russell, a corporation, and Alice M. Tucker to recover $315 for rent claimed to be due her from them.

The plaintiff demanded of the defendants a specification of defences which was complied with and among other matters set up by the defendants in their specification was the following: "That there is no such person as Ida Baldauf, the alleged plaintiff in this suit."

From the state of the case, supplemented by certified facts found by the trial judge and returned by him in pursuance to the command of a rule issued out of the Supreme Court, it appears that the trial judge gave judgment for the defendants upon a finding by him that Ida Baldauf was a fictitious person.

Upon an appeal from this judgment to the Supreme Court that court affirmed the action of the trial judge in finding that the plaintiff, Ida Baldauf, was a fictitious person, but held that the judgment was not correct in form, and that the proper practice was to quash the writ and ordered that a judgment to that effect be entered and that the judgment as modified be affirmed.

The appellant now appeals to this court.

The judgment was properly reformed and in accordance with settled practice.

In 1 *Tidd Pr.* 642, the practice is laid down to be as follows: "The judgment for defendant, on a plea in abatement, whether it be on an issue in fact or in law is that the writ or bill be quashed."

2 *Arch. Pr.* 4 contains this declaration: "Judgment for the defendant, in all cases, whether upon verdict, demurrer or *nultiel record,* is, that the writ or bill be quashed; *Gilb. C. B.* 52; unless .where the matter pleaded in abatement is some temporary disability, such as excommunication, infancy, &c., in which case the judgment is, that the plaint remain without day until," &c.    See also form in 1 *Went. Pl.* 50.

A defence that the plaintiff is a fictitious person attacks the ability of the plaintiff of being capable of commencing or continuing his suit by denying his existence, and is properly the subject of a plea in abatement. 1 *Chit. Pl.* 447; 1 *Went. Pl.* 50.

Since there are no formal pleadings in the District Courts, a defence of the nature of the one in question may be raised *ore tenus.* This is the legally sanctioned course of proceeding in the courts for the trial of small causes. *Smith* v. *Van Houten,* 9 *N. J. L.* 381. In the absence of any statute providing otherwise the same practice obtains in the District Courts.

In the present case, however, the incapacity of the plaintiff to sue was raised in the defendants' specification of defences.

The fundamental attack upon the judgment under review is that there was no evidence before the trial judge which in law justified him in finding that the plaintiff was a fictitious person and that therefore the Supreme Court erred in affirming the judgment.

Upon the issue raised by the defendants denying the existence of the plaintiff, the trial judge certified that the tax collector of the town of Bloomfield testified that at the tax sale of the property to the plaintiff, a young man representing himself to be the plaintiff's agent would not give her address; that the defendants denied the existence of the plaintiff; that Adolf L. Engelke testified that he represented Harry B. Brockhurst, the plaintiff's attorney of record, that he did not know nor had he ever seen the plaintiff and did not know where she lived; that one Antasio testified that he had twice seen the plaintiff; that he believed she lived in Brookyln, but did not know her address; that after the cross-examination of the witness, the court deemed his testimony unworthy of belief; that the court not being satisfied that there was any such person as Ida Baldauf adjourned the trial of the action for one week to May 19th, 1914, and instructed Mr. Engelke that the plaintiff be produced in court on that day, and that at the request of Mr. Brockhurst on May 19th he further adjourned the trial of the case until May 26th, and wrote to

him on May 20th that the plaintiff should be produced in court on May 26th; that Mr. Brockhurst wrote to both the court and the attorneys of the defendants that he would not comply with the court's request and that he would rely on the plaintiff's proof in the case, for a judgment in her favor. upon the merits, provided that the court found that the proof warranted it; that on the 26th day of May, neither the plaintiff nor her attorney appeared in court, and there being no satisfactory proof of the existence of the plaintiff, that he found as a fact that there was no such person as Ida Baldauf and gave judgment for the defendants.

From this certificate of facts, which was made the basis of the finding of the trial judge, it appears that he adjudged that the burden of establishing that the plaintiff was not a fictitious person was upon the plaintiff.

This was an erroneous conception of the legal rule appertaining to a defence of the character interposed.

The burden of establishing the truth of a plea in abatement is upon the defendant. 1 *Cyc.* 134; 1 *Encycl. Ev.* 15; 4 *Phil. Ev.* 129.

Viewing the facts certified to by the trial judge in the most favorable light to the defendants, there is manifestly an utter absence of any proof that the plaintiff was not in existence.

The testimony of the witness Antasio that he had twice seen the plaintiff was at least some proof that she was not a fictitious person. It is true that the trial judge certifies that after the cross-examination of the witness, he concluded that his testimony was unworthy of belief. But the testimony of a competent witness cannot be capriciously rejected. There must appear some good reason for such action, as, for example, that his story was inherently improbable, or that it was contradicted by some other testimony, or by some proven fact or circumstance, or by testimony impeaching his truth and veracity.

Even though the trial judge had properly rejected Anatasio's testimony, its only effect was to leave the case barren of any testimony on the defendant's allegation "that there was no such person as Ida Baldauf."

This being the situation it was manifest error for the trial judge to find, as a fact, that no such plaintiff was existent.

The trial judge lent importance to the fact that the plaintiff's attorney refused to produce the plaintiff in court when ordered to do so. This refusal did not warrant any inference that the plaintiff was non-existent. It was a circumstance of no probative value whatever. The plaintiff was not legally bound to appear and prosecute her case. She had the right to prosecute her case by her attorney, and to produce such witnesses as were deemed necessary to establish her cause of action.

It is a strikingly novel proposition that a court may order a plaintiff to appear in court, no matter in what part of the world such plaintiff may be in or what the cause of absence may be, and that a failure or refusal to appear will justify an inference that such plaintiff is fictitious.

It is a matter of daily practice of cases being prosecuted in the District Courts and courts for the trial of small causes, in the absence of the plaintiffs, and it has never been suggested that the mere failure of a plaintiff to appear can be regarded as a sufficient basis to challenge his existence.

From the exhibits introduced in evidence it appears that the plaintiff's attorney notified the defendants' attorney of the residence of the plaintiff in Brooklyn, giving street and number. It was open to the defendants if they challenged the plaintiff's existence to have taken her testimony or that of her attorney *de bene esse,* under the Evidence act.

There being no evidence before the trial judge that the plaintiff was a fictitious person, there was no basis to his finding that she was.

The judgment of the Supreme Court affirming the judgment of the District Court will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, MINTURN, KALISCH, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 13.