STATE BOARD OF MEDICAL EXAMINERS, APPELLANT, v.
HAL A. CURTIS,. RESPONDENT.

Submitted March 18, 1920—Decided June 14, 1920.

1. Proceedings brought for a violation of the Medical Examiners'
   act of 1894 (*Comp. Stat., p.* 3329), as amended in 1915 (*Supp.
   Comp. Stat., p.* 948), are civil suits.
2. Section 149 of the District Court act (*Comp. Stat., p.* 1999), re-
   lating to the right of either party to demand a jury trial, is ap-
   plicable to a proceeding brought in that court for a violation of
   the Medical Examiners' act.

On appeal from the New Brunswick District Court.

Proceeding begun by warrant in New Brunswick District
Court for practice of medicine without a license in violation
of the act of 1894 (*Comp. Stat., p.* 3329), as amended in
1915, 1*st Supp., p.* 948. The district judge on demand by
defendant issued a *venire*, and the case was tried before a jury
who found defendant not guilty. The plaintiff appealed.

Before Justices SWAYZE and PARKER.

For the appellant, *Thomas F. McCran*, attorney-general,
and *Grover C. Richman*, second assistant attorney-general.

For the respondent, *Charles T. Cowenhoven.*

The opinion of the court was delivered by

SWAYZE, J. Two questions are raised—*first*, was it proper
to award a *venire* and try the case before a jury; *second*, if
so, should a verdict for the plaintiff have been directed.

As to the award of the *venire* we have differing, but not
necessarily inconsistent, *dicta* in two cases. *Carter Brothers*
v. *Camden District Court*, 49 *N. J. L.* 600; *Lowrie* v. *State
Board of Dentistry*, 90 *Id.* 54. The opinion on this point in
the first case was confessedly *obiter* and rendered at the sug-

gestion of the parties as a guide to other suits. The opinion on this point in the second case is palpably *obiter*. There is a marked difference between the two cases. The penalty in the first case went to the state; in the second case to the State Board. of Medical Examiners, for the benefit of that board, and in some cases for incorporated medical societies. The former act required a sworn complaint of facts; the later requires only a complaint based on the affiant's information and belief. The former authorized proceedings before a justice of the peace in any county, or before a recorder in any city, thus indicating a proceeding before a magistrate; the latter authorizes proceedings only before a court, a District Court or the Court of Common Pleas. The former authorized an appeal to the next Court of General Quarter Sessions of the Peace, where a jury would no doubt be had; the latter authorizes no appeal unless it be authorized by the District Court act, or, in the case of the Court of Common Pleas, by the Practice act of 1912. The latter provides for docketing the judgment; the former has no such provision. These differences are important, as they bear on the question whether such a proceeding as the present is a civil suit or a summary proceeding. As, in the other cases, now growing numerous, where the question has been raised, the language of different sections of the Medical Examiners' act is incongruous, and provisions may be cited which afford an argument for either side. Upon the whole the trend of the decisions has been to hold that the proceedings are a civil suit. This was held by the Court of Errors and Appeals in *Brophy* v. *Perth Amboy,* 44 *Id.* 217, and it resulted that one imprisoned in the county jail by virtue of an execution against the body was entitled to the benefit of the Insolvent Debtors' act. This was followed by the Supreme Court in *White* v. *Neptune City,* 56 *Id.* 222, holding that it was most in harmony with the provisions of the act there under review, to hold that they are to be applied to suits brought in the Court for the Trial of Small Causes, rather than to summary proceedings before the justice of the peace as a magistrate. "This result is fortified," says Mr. Justice Dixon, "by the consideration that thereby greater

safeguards are thrown around the property and liberty of the individual than he would enjoy in summary proceedings before a magistrate." The court was doubtless thinking of the chance to be relieved from imprisonment for debt, for it cited Brophy v. Perth Amboy, and was probably thinking of the right of trial by jury. It held that the appeal being from the Court for the Trial of Small Causes must be to the Court of Common Pleas, as provided in the Justices Court act. This was followed in *Board of Health* v. *Cattell, 73 Id. 516,* and *Tenement-House Board* v. *Gruber, 79 Id. 257.* We think, that in view of these decisions, it ought to be considered settled that, so far as this court is concerned, suits for penalties under statutes like the present are civil suits. The reasoning applies with all the greater force since the procedure under the Medical Examiners' act is confined to two courts, the District Court and the Common Pleas, which have always been peculiarly courts of civil jurisdiction.

The fact that the suit is a civil suit does not of itself settle the question of the right to trial by jury. There may be cases where it would be competent for the legislature to prescribe a summary proceeding in a civil suit even where as at common law and at the time of the adoption of the constitution of 1844, penalties were recoverable by the ordinary action of debt. *McGear et al.* v. *Woodruff,* 33 *N. J. L.* 213. We are not now concerned with the constitutional question. We have to do only with the statute governing the District Courts. The question is whether in a civil suit, of which jurisdiction is given to the District Court, there is a right to trial by jury. The question seems to be answered by section 149 of the act (*Comp. Stat., p.* 1999), which enacts that either party may demand a trial by jury and that a *venire* shall be issued. We need not repeat the conditions under which it issues, since no suggestion is made that they were not complied with. We find nothing in the District Court act to suggest that any class of cases are not subject to the provision of section 149. Apparently, that section governs all civil suits brought in the court, and only civil suits were there cognizable under the original act. Our result is the same as was reached by this

court in *Harman* v. *State Board of Pharmacy*, 67 *Id.* 117, and is not necessarily inconsistent with the result in Carter Brothers *v.* Camden District Court, since in that case the proceedings might well be held to be *quasi*-criminal in their nature. We reach our result with the greater satisfaction, since it does away with the serious objection in point of policy to the Medical Examiners' act, in that the act permits the arrest and imprisonment for one hundred or two hundred days of a defendant on a complaint, not by one having knowledge, but upon mere information and belief. Such a provision would go far to make it impossible for a defendant wrongfully imprisoned to recover damages; the prosecutor would not even be obliged to show that his belief was a reasonable belief; it would be enough that he had received information, which he believed, no matter from whom it came.

If we are wrong in our view, the result would not be a reversal of the judgment but a dismissal of the appeal. This appeal was taken by the ordinary notice used in civil suits in the District Court. But, if the proceeding is a summary proceeding, not governed by the District Court act, but before the judge or the court (it can make no difference which word we use) as a magistrate, it could only be reviewed by *certiorari*. The appeal is in the nature of a writ of error. When courts act in a summary way, or in a new course different from the common law, a *certiorari* and not a writ of error is the proper remedy. *Reiman* v. *Wilkinson, Gaddis & Co.*, 88 *N. J. L.* 383; *City Bank of Bayonne* v. *O'Mara, Id.* 499; *Gordon* v. *Pannaci*, 90 *Id.* 392.

It is urged, however, that the trial judge should have directed a verdict for the plaintiff. The evidence is suggestive that the defendant, in one case at least, undertook to diagnose and prescribe, but his testimony is, that he merely sold medicine and avoided any attempt to make a diagnosis or prescribe. He came very close to admitting facts sufficient to sustain the charge, but whether he did admit it depends on what he in fact said and what he in fact did. In view of the somewhat differing versions, we think a jury question was presented.

The judgment is therefore affirmed, with costs.