From a conviction in the Municipal Court of Glen Rock for a violation of an ordinance of the said Borough, the defendant has appealed to this court.
Written notice of the date of hearing was served upon the Prosecutor of the Pleas of the County who has asked to be excused from acting in this suit on the ground that the State of New Jersey is not a proper party to this action and that he does not represent either the complaining party or the Borough of Glen Rock. The defendant-appellant contends that the State is a proper party and that by virtue of Rule 2:11, paragraph (h), the Prosecutor of the Pleas should appear and act on behalf of thestate at the hearing.
It should be observed at the beginning that while it is named as a party, the State of New Jersey has no pecuniary interest in the enforcement of local ordinances, but that the Borough of Glen Rock has such an interest because the fines collected go to the Borough (R.S. 40:87-46). *Page 416 
In the early history of this state such ordinances were usually enforced, because of charter provisions, by a civil action, customarily an action in debt, sometimes in trespass orassumpsit, and sometimes in a qui tam action. See: Tyler v.Lawson, Treasurer, 30 N.J.L. 120 (debt); McGear v. Woodruff,Treas., 33 N.J.L. 213 (debt); Meyer v. Treas. of Bridgeton,37 N.J.L. 160 (debt); Brophy v. Perth Amboy, 44 N.J.L. 217, at 219 (qui tam); Buck v. Danzenbacker, 37 N.J.L. 359
(trespass). It was not until long after the illuminating decision in Johnson v. Barclay, 16 N.J.L. 1, that the enforcement of ordinances by summary proceedings came into more universal use. To the present day the trend of opinion, when the procedure is ambiguous, is to hold that the proceeding is a civil suit. StateBoard v. Curtis, 94 N.J.L. 324 (affirmed, 95 N.J.L. 551), and see State v. Lakewood Market Co., 84 N.J.L. 512.
There has not been submitted to me any copy of the ordinance alleged to have been violated. Assuming that the procedure called for is a civil action, I think it is clear that Rule 2:11 does not apply. It appears in the Rules under the heading "Rules Governing Criminal Practice in the Superior Court and County Courts." Furthermore, Rule 2:1-1 provides that "these rules govern the practice and procedure in the Superior Court and County Courts in all criminal proceedings and in so far as they are applicable, the practice and procedure on indictable offenses in all other courts except the Juvenile and Domestic Relations Courts."
Rule 2:11 provides: "The only method of reviewing a judgment or order in a criminal cause or proceeding in an inferior court of limited criminal jurisdiction shall be by appeal as herein provided." Applying the doctrine noscitur a sociis, the rule applies only to criminal causes or proceedings of a like nature and not to a civil action to enforce the penalty of an ordinance.
Assuming, however, that the ordinance may be enforced by a summary proceeding, a different situation exists, for a summary proceeding to enforce an ordinance is generally described asquasi-criminal although it has been recognized *Page 417 
by the courts of this State that a summary proceeding may be a civil suit. See Cahill v. Pennsylvania R.R. Co., 56 N.J.L. 445, and State Board v. Curtis, supra.
If the procedure called for to enforce the ordinance in question is summary in character, and the action isquasi-criminal in its nature, is it covered by Rule 2:11 and, if so, must the Prosecutor of the Pleas appear and prosecute the appeal?
Mr. Justice Dixon in Hershoff v. Treasurer of City ofBeverly, 45 N.J.L. 288, said:
"Speaking generally, such a proceeding is not to be instituted in the name of any formal party. It takes its inception upon complaint being made by any competent person, or in some cases, upon the view of the magistrate. Then must follow legal notice of the charge to the person accused, trial, sufficient evidence of guilt, conviction and judgment. These, and these only, are the essentials of a summary conviction.
"When prosecuted to punish offenders against municipal ordinances, the papers are commonly entitled in the corporate name; but I can find no reason for doubting their validity if this were omitted. In the present case, the ordinance directs that the complaint shall be made in the name of the city treasurer, and hence the complainant so complained, and the papers are so endorsed; but this, at the worst, is only superfluous. It affords no ground for reversing the proceedings."
A study of the English law, as it existed prior to the adoption of our Constitution of 1776, shows that summary convictions were sometimes the result of a complaint filed on behalf of a common informer who was to share in the fines levied by the magistrate. This form of proceeding was adopted in order to enhance the revenues of the Crown. It has long since fallen into disfavor on account of the pernicious and sometimes perjurious activities of common informers, and in those few acts of the Legislature still surviving where a common informer shares in the fine, the action provided for is usually a civil action falling under the classification of a qui tam action. See N.J.S.P.C.A. v. Russ,83 N.J.L. 450. In qui tam actions the complaining party undoubtedly has the right to select his own attorney in the absence of a statutory provision to the contrary. *Page 418 
If the complaining witness is to be regarded as a party, his right to be represented by counsel of his own selection is a valuable one, the unwarranted denial of which is held to be a fundamental error (64 C.J. 232, § 246). The right of a party to be represented by counsel of his own selection has been recognized by the former Court of Errors and Appeals in Baldaufv. Russell, 88 N.J.L. 303 at 307, and by other courts inState v. Gulick, 17 N.J.L. 435; Hudson Trust Savings Inst.v. Carr-Curran Paper Mills, 44 Atl. 638; In re Stewart,85 N.J. Eq. 3; Moran v. Firemen's, etc., Comm.,20 N.J. Misc. 479 at 481. In my opinion, the right is substantive in character and, therefore, is one of which a litigant cannot be deprived by a rule of court.
The right of a municipality whose ordinances have been violated to appear by attorney and prosecute the violators has been recognized by the courts of this state from the very beginning, and although I have read every reported case involving summary convictions, I do not know of any where the authority of the municipal attorney to appear has ever been questioned. I consider this fact to be of the greatest importance as a recognition not only by the courts, but of the members of the Bar, of the paramount right of a municipality to enforce its own ordinances. Undoubtedly the Legislature has the right to provide by general law how a municipality shall be represented in legal proceedings and it has done so in most, if not all, classes of municipalities. The power of the Legislature to enact, alter and repeal laws creating and regulating the affairs of municipalities of a general character has been carried into our present Constitution. See Article IV, section 7 and particularlyparagraph 11, which reads as follows:
"11. The provisions of this Constitution and of any law concerning municipal corporations formed for local government, or concerning counties, shall be liberally construed in their favor. The powers of counties and such municipal corporations shall include not only those granted in express terms but also those of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto, and not inconsistent with or prohibited by this Constitution or by law." *Page 419 
In some cases the Legislature has expressly provided for the appearance and representation of municipalities by counsel (seeR.S. 2:220-47 (e)) and in others it has been apparently implied from the nature of the litigation. For examples of such appearances see Weeks v. Forman, City Treasurer of NewBrunswick, 16 N.J.L. 237 and Kip v. The City of Paterson,26 N.J.L. 298.
Since the decision in Hershoff v. Treasurer of Beverly,supra, the Legislature enacted the Borough Act of 1897. Among its provisions are the following:
R.S. 40:88-6 — "The council may prescribe penalties for the violation of the ordinances it is authorized to pass and may enforce the same in the manner prescribed in and subject to the provisions of section 40:49-5 of this title."
and
R.S. 40:87-36 — "Upon oath, affirmation or affidavit made according to law that any person has violated any ordinance of the borough, the mayor may issue a summons or warrant, in his discretion, at the suit of said borough against the person so charged, which process shall, when a warrant, be returnable forthwith, and when a summons, in not less than three nor more than ten days. Such process shall state the ordinance alleged to have been violated."
also
R.S. 40:87-15, which authorizes the appointment of a borough attorney and provides further that he shall perform the duties required by law and the ordinances of the council.
Under the foregoing provisions of the borough law, violators of ordinances are to be prosecuted at the suit of the borough. I think it is a fair intendment that the borough should be entitled to be represented by its counsel since its interest in the outcome of the litigation is paramount to that of the complaining party.
Under R.S. 40:87-31 the mayor is given the duty to see that the ordinances of the borough are faithfully executed, and underR.S. 40:87-46 any fines resulting from convictions are given to the borough. *Page 420 
I have yet to notice a single case in which the State of New Jersey was considered to be a proper party to such litigation, and I think that even in the absence of a statute such as the Borough Act, in recognition of the long established practice, the municipality should be considered as the proper party complainant where the proceeding is an action to enforce one of its ordinances. I have twice in published opinions expressed my opinion that a municipality is a proper party to such a proceeding. See Hasbrouck Heights v. O'Brien,26 N.J. Misc. 270, and Bd. of Health of the Borough of East Rutherford v.Lobsenz, 23 N.J. Misc. 293. Also see "Dillon Mun. Corp.," § 746.
Furthermore, the duties of the Prosecutor of the Pleas are defined by statute R.S. 2:182-1 et seq. (as amended by P.L.
1948, c. 54) and they do not include appearances on behalf of municipalities in actions brought to enforce its ordinances. The fact that Rule 2:11, paragraph (h), provides that the prosecuting attorney shall appear and act on behalf of the state at the hearing, leads me to the conclusion that the rule was devised to cover cases where the State has a direct interest in the outcome of the litigation.
It should be further noted in passing that Chapter 253,P.L. 1948 (as amended by Chapter 361, P.L. 1948) which provides for an alternative procedure for summary proceedings to enforce state laws, provides, by section 23, that "when the statute imposing the penalty does not specify at whose suit the proceeding shall be brought, they shall be brought in the name of the State of New Jersey." This law, however, does not apply to actions to enforce ordinances of municipalities.
The distinction between the interest of the State in prosecuting violators of its laws and the interest of a municipality in prosecuting violators of its ordinances has been recognized both by the Legislature and the present Supreme Court.R.S. 2:214-14 provides for a review of convictions in a criminal judicial district court, in the following language:
"Due notice of such review shall be given to the prosecutor of the pleas of the county if the conviction is for a criminal offense, and to *Page 421 
the attorney of the municipality, if the conviction is for the violation of an ordinance of the municipality."
and present Rule 8:4-1 provides:
"Whenever in his judgment the interests of justice so require, or upon request of the magistrate, the attorney general, county prosecutor, or municipal attorney, as the case may be, may appear in any court on behalf of the state, or of the municipality, and conduct the prosecution."
The motion of the Prosecutor of the Pleas to be relieved from any duty to prosecute this action is hereby granted. *Page 422