THE TREASURER OF THE CITY OF ELIZABETH ET AL., DEFENDANTS, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, PROSECUTOR.

Submitted February 19, 1901—Decided June 10, 1901.

1. Proceedings in a police court for violation of a city ordinance are of a summary nature, and the conviction must recite the facts necessary to show a legal conviction.
2. The "judgment," so called, returned in this case does not show the charge against the defendant, or that the magistrate found the defendant guilty of any offence.

On *certiorari*.

Before Justices GUMMERE and FORT.

For the defendants, *James C. Connolly.*

For the prosecutor, *John L. Conover.*

The opinion of the court was delivered by

FORT, J.   This writ brings up a conviction of the defendant founded upon a complaint for the violation of section 187 of the code of general ordinances of the city of Elizabeth, adopted January 24th, 1895.

The charge in the complaint is for "obstructing Broadway, between Front and Third streets, in said city, by placing a train of freight and coal cars thereon," for the whole of Sunday, the 8th day of July, 1900.

The record returned shows no legal·conviction of the defendant.

The conviction fails to set out any of the requisites to make it good.   Proceedings in a police court of a city, without a jury, on a complaint for the violation of a city ordinance, are of a summary nature, and the conviction, as stated and signed by the magistrate, must contain everything to show a legal conviction.   *Salter* v. *Bayonne*, 30 *Vroom* 128.

It is the same in cases under the Disorderly·act. *Preusser* v. *Cass,* 25 *Vroom* 532.

The testimony sent up in this case was evidently taken stenographically, and at the end of it (evidently a note of the stenographer) appears the following:

"The court found the defendant guilty of obstructing Broadway with railroad cars, between Front and Third streets, on July eighth, nineteen hundred, and imposed a fine of twenty-five dollars, in accordance with section 188 of the code of general ordinances of the city of Elizabeth."

This is, of course, of no legal force whatever.

At another part of the return the following appears:

"JUDGMENT.

"Aug. 17th.

"City of Elizabeth in the case of violation of city ordinance, section 187, code of general ordinances, section aforesaid, on hearing the evidence of plaintiff and defendant, held the Central railroad guilty, by obstructing said Broadway, by allowing cars to stand on the said, on Broadway, on the 8th day of July, nineteen hundred, imposed fine of $25.00 (twenty-five dollars). Penalty for violation of said ordinance, under section one hundred and eighty-eight.

"OWEN P. MAHON,
"*Police Justice.*

"August 17th, 1900."

This is not sufficient under the cases above cited.

The conviction, as signed by the justice, must embody the complaint, showing the offence charged, or at least so substantially as to clearly show the offence with which the defendant was charged, the names of the witnesses and sufficient of the evidence to show the offence was committed and of what offence the defendant was convicted.

In this "judgment," so called, above set out, no recital of what the complaint against the defendant was appears at all. All it can be said to state on that subject is "City of Elizabeth

in case of violation of city ordinance, section 187, code of general ordinances, section aforesaid." What this means it would be difficult to determine.

That it does not recite any charge against the New Jersey Central railroad is clear. Nor is there anything in the record sent up showing that the magistrate found the defendant guilty of any offence, unless the statement of the stenographer, above referred to, can be so considered, but that, of course, has no force whatever.

The conviction is set aside.