THE STATE OF NEW JERSEY v. ALFRED DeMAIO.

THE STATE OF NEW JERSEY v. MICHAEL MIGNOGNA.

Argued June 3, 1903—Decided July 23, 1903.

1. The mere allegation to a judge holding a trial under the Disorderly act that he was biased or prejudiced by way of challenge and his refusal to appoint triors, do not prove the existence of such bias or prejudice, and a judgment rendered will not be set aside on *certiorari* unless this court is satisfied by legal evidence of the facts showing the existence of such bias or prejudice.

2. A party cannot call a judge as a witness in a cause where the court is held by a single judge, and thus destroy the court.

On *certiorari*.

Before Justices GARRISON and GARRETSON.

For the prosecutors, *John W. Wescott* and *Louis H. Miller*.

For the state, *Joseph H. Powell* and *J. Hampton Fithian*.

The opinion of the court was delivered by

GARRETSON, J. The writs of *certiorari* in these cases bring up the conviction of the defendants as disorderly persons.

The returns to the writs contain the affidavits, warrants,

recognizances, challenges to the court upon grounds set forth, the filing and overruling of the same, the evidence taken upon the hearings and the conviction and judgments—also a copy of the docket of the justice—and in the case of DeMaio there appears in the printed book what seems to be some testimony taken before the justice as to the order of proceedings before him. This cannot be considered as any part of the return.

The reasons for reversal are the same in both cases, and are as follows:

*First.* The court has no jurisdiction to hear and determine the cause.

*Second.* The justice was disqualified to sit, inasmuch as he had prejudged the cause and was the agent of the complainant to convict the defendant.

*Third.* The court refused to lawfully try a challenge to the jurisdiction of the justice duly presented and filed.

*Fourth.* The justice rejected legal evidence offered by defendant and admitted illegal evidence offered by the state over defendant's objection.

*Fifth.* There was no legal conviction of defendant.

*Sixth.* Because the proceedings were in divers other respects illegal, erroneous and contrary to law.

No rule to take testimony to be used upon the hearing of these writs was made, nor was any testimony taken. The argument of the cases for the prosecutors is based almost entirely upon the challenges to the justice as contained in the return, and which allege bias or prejudice.

It is not necessary in these cases to determine whether the justice was holding a court of record or whether such a judge in such a court could be challenged for bias or prejudice. There is nothing before this court to show that the justice was so affected. The mere allegation to him of such bias or prejudice, by way of challenge and his refusal to appoint triors, do not prove the existence of the bias or prejudice. If the judgment is tainted by the action of such a judge it may well be that it ought not to be allowed to stand, but before it is set aside this court should be satisfied by legal

evidence of the facts showing the existence of such bias or prejudice. There are no such facts in these cases. They could be presented to the court in testimony taken upon a rule granted for that purpose by this court. One claim is that the justice was called as a witness and refused to be sworn. A party cannot call a judge as a witness in a cause where the court is held by a single judge, and thus destroy the court.

We find no foundation for any of the other reasons, and the conviction will be affirmed, with costs.