ANNETTE ESPING, PROSECUTRIX, v. ELIZABETH SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN ET AL.

Submitted December 3, 1909—Decided February 21, 1910.

1. The act of 1880 for the prevention of cruelty to children (*Gen. Stat., p.* 1717) is not repealed by the similar act of 1883 (*Gen. Stat., p.* 1720).

2. A society for prevention of cruelty to children incorporated under the act of 1890 (*Gen. Stat., p.* 1720), prior to the act to incorporate associations not for pecuniary profit (*Pamph. L.* 1898, *p.* 422), is not dissolved nor shorn of its powers under the act of 1890 by the enactment of 1898 or the repealer act of 1899, page 189, section 1. *pl.* (32).

3. The record of a summary conviction must show among other things the offence charged, and not only the names of the witnesses but the substance of the testimony, that a court of review may be able to judge of its sufficiency.

On *certiorari.*

Before Justices SWAYZE, TRENCHARD and PARKER.

For the prosecutrix, *John J. Stamler.*

For the defendant, *James C. Connolly.*

The opinion of the court was delivered by

PARKER, J. The prosecutrix sues out this writ to review her conviction, before the police court of the city of Elizabeth, of cruelly treating her minor child. The conviction is based on the act of 1880. *Gen. Stat., p.* 1717. A fine of $5 was imposed, and the child committed to the custody of the society defendant, which was incorporated under the act of 1890. *Gen. Stat., p.* 1720.

It is first objected that the court had no jurisdiction and the society had no standing as complainant because both the above acts are repealed; the act of 1880 by that of 1883 (*Gen. Stat., p.* 1720) ; that of 1890 by section 32 of the Cor-

poration Repealer law (*Pamph. L.* 1899, *p.* 193) ; and both by the act to incorporate societies not for pecuniary profit. *Pamph. L.* 1898, *p.* 422. We find nothing in the act of 1883 to indicate that it is intended as a repealer of that of 1880. Section 13 of the Corporation act of 1898 contains a repealer of prior inconsistent acts, but especially provides that no existing corporation shall be thereby dissolved, nor shall any vested rights be impaired or annulled. Similarly the repealer of 1899 saves all such rights and powers by section 2, page 197. There is nothing to show that the society was not incorporated until after the passage of these acts and its corporate existence cannot be challenged without some proof. So far as appears, therefore, the complainant had legal standing, and the complaint and conviction were properly based on the act of 1880.

It is further objected that the police court had no jurisdiction because the offences specified in the act of 1880 are made misdemeanors and the court is not empowered to try misdemeanors. There would be force in this objection if the act of 1883 were the one under which the conviction was had, for that act confines the trial of the offences named therein to "any court or magistrate within this state having jurisdiction for the trial of misdemeanors," but by the act of 1880 (section 1) the trial may be had before "any justice of the peace, magistrate, or court of record." By the charter of Elizabeth (*Pamph. L.* 1863, *p.* 128, § 48) the police court is a court of record, and by section 47 the judge has the power of a justice of the peace in criminal matters and is consequently a magistrate. So we think that the police court was invested with sufficient jurisdiction.

But on the third ground of attack we think prosecutrix must prevail. That is, that the record of the trial and conviction is insufficient. The police judge returns this part of the record as follows :

"This matter coming on to be heard before me on the 9th day of July, 1909, on the voluntary appearance of Annette Esping, and satisfactory and legal proof of the truth of the allegation in the complaint made, having been produced, and

Emma Walsh, Annie McConnigal, Catherine Condon, William Boyle, Patrick Condon, Charles Jockowski and Edward Guempel, having been sworn, and having testified to the truth of the charges set forth in the complaint made in this cause, I did render judgment in favor of the Elizabeth Society for the Prevention of Cruelty to Children and against the said Annette Esping, and did thereupon make the following order."

Then follows the order, reciting the complaint, the apprehension of the prosecutrix, her appearance for trial on the date stated above, "and satisfactory and legal proof of the truth of the allegations of said complaint having been produced before said police justice, before whom such proof was taken and received, and the said Annette Esping having then and there been convicted of the violations aforesaid of the acts of the legislature in such case made and provided;" the order thereupon convicts the said Esping *of the charge hereinbefore set forth,* &c.

This record is radically defective. It has been settled in this state by a long line of cases, based on established English precedents, that the record in summary proceedings must show, among other things, the offence charged, and not only the names of the witnesses, but the substance of the testimony, that the reviewing court, in case of a review, may be able to judge of its sufficiency. Of these decisions some that are especially applicable are: *Keeler* v. *Milledge,* 4 *Zab.* 142; *Buck* v. *Danzenbacker,* 8 *Vroom* 359; *Lyons* v. *Spratford,* 14 *Id.* 376 (citing English cases); *Pell* v. *Newark,* 20 *Id.* 594; *Hoeberg* v. *Newton, Id.* 617; *Salter* v. *Bayonne,* 30 *Id.* 128; *Kolb* v. *Boonton,* 35 *Id.* 163.

It is true that where there is an appeal, the proceedings are not summary, and that an appeal is provided by section 11 of the act of 1880 in cases where the fine exceeds $10; but in the present case, though $10 is the minimum penalty, the fine imposed was only $5, a fact of which prosecutrix does not complain, but which has the effect of bringing the proceedings into the summary class, as in *Orange* v. *McGonnell,* 42 *Vroom* 418. The charge itself in the complaint is double and embraces some acts not penalized by the statute in express words,

and as the conviction is "of the charge hereinbefore set forth" it may be defective also in this aspect; but it is sufficient to say that for failure to state the substance of the evidence given, the conviction must be set aside, with costs.