WILLIAM S. CRAWFORD, PROSECUTOR, v. WILLIAM C. HENDEE, MAYOR OF WILDWOOD, IN CAPE MAY COUNTY, RESPONDENT.

Argued February 16, 1921—Decided March 2, 1921.

1. When the function of a writ of *certiorari* is in the nature of a common law writ of error, it will not lie before judgment, in cases which cannot be continued and completed by this court. But in other cases, it is a discretionary writ; in the absence of any statute requiring it to be granted, the time for its allowance, as well as other circumstances, is subject to that legal discretion.
2. A party cannot call a judge as a witness, or the judge himself cannot testify in a cause, where the court is held by a single judge and thus destroy the court. This principle is applicable to the mayor and director of public safety of a city, sitting to hear charges preferred against the acting chief of police.

On *certiorari*.

Before Justices PARKER and BLACK.

For the prosecutor, *Harris & Harris*.

For the respondent, *Clarence L. Cole*.

The opinion of the court was delivered by

BLACK, J. In this case a *certiorari* was allowed to review the action of the mayor and director of public safety in the city of Wildwood, in instituting proceedings, charging the prosecutor with a violation of his duties as acting chief of police. The writ was procured before the date set for the hearing of the charges. It was served at the close of the testimony and before the director had announced his decision. There were two arguments, first, to dismiss the writ on the ground that its service before a determination by the director was premature—*i. e.*, there is nothing for this court to review, and second, an argument on the merits. We think the

first motion must prevail. The writ must be dismissed; manifestly, we have nothing to review.

There seems to be some confusion when in point of time the writ of *certiorari* may be used. When its function is that in the nature of a common law writ of error it will not lie before judgment in cases which cannot be continued and completed by this court. *Drake* v. *Berry,* 42 *N. J. L.* 60; *Elder* v. *District Medical Society,* 35 *Id.* 200; *Mowery* v. *City of Camden,* 49 *Id.* 106.

But in other cases it is a discretionary writ, in the absence of any statute requiring it to be granted, and the time for its allowance, as well as other circumstances, is subject to that legal discretion. Where the object is to review municipal action, especially if that action is said to be beyond the corporate power, it is a frequent practice for the writ to go, while, yet, the final step that completes the injury is but threatened. *Hoxsey* v. *City of Paterson,* 39 *N. J. L.* 489, 493; *Public Service Railway Co.* v. *City of Camden, ante p.* 190.

Manifestly, in this case, the office of the writ is in the nature of a common law writ of error. It may not be amiss, however, for us to say on the merits that it was proper and legal for the mayor and director to make and file written charges before himself, to fix a day for the hearing, to take testimony of witnesses in support of the charges, but we fail to see how he can legally be a witness before himself sitting as a judge to hear the charges. This principle is conceded by the defendant, but its application is denied. We think the principle announced by this court, viz., a party cannot call a judge as a witness in a cause where the court is held by a single judge and thus destroy the court (*State* v. *De Maio,* 69 *N. J. L.* 590; *affirmed,* 70 *Id.* 220), is a sound one, and it is applicable to the facts as disclosed by the record in this case. The writ is dismissed but without costs.