MORRIS ROTHMAN, PROSECUTOR, v. STATE OF NEW JERSEY ET AL., RESPONDENTS.

Submitted May 15, 1925—Decided November 12, 1925.

1. Evidence showing (1) the defendant's reputation as a common thief and pickpocket and the repetition of particular acts and conduct from which his general and notorious character as a common thief and pickpocket was to be inferred, and also evidence tending to show (2) that he was frequenting and attending a railroad depot, a place of public resort, for the unlawful purpose of stealing, justifies his conviction under section 6 of the act concerning disorderly persons. *Comp. Stat., p.* 1928.
2. Evidence returned by the police judge, as a part of his transcript, not embraced in the conviction, and not returned pur-

suant to any rule of this court, is not a part of the record, and will not be considered by the court.

3. Section 6 of the act concerning disorderly persons reads: "Any person who shall be arrested at any * * * railroad depot * * * or other place of public resort * * *, and shall be proven to the satisfaction of the magistrate before whom such person shall be brought, to be a common thief, burglar or pickpocket, and to have been frequenting or attending such place or places for an unlawful purpose, shall be deemed and adjudged to be a disorderly person"—*Held*, that such section does not violate the provisions of the federal constitution which declare (1) that no person shall be subject for the same offense to be twice put in jeopardy; (2) that no state shall deny to any person within its jurisdiction the equal protection of the laws, nor (3) deprive anyone of life, liberty or property, without due process of law.

On *certiorari*, &c.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Harry Lane* and *Edward M. Salley*.

For the respondents, *Thomas J. Brogan* and *Charles Hershenstein*.

The opinion of the court was delivered by

TRENCHARD, J. On a complaint, the validity of which is not question, the prosecutor of this writ was convicted by the judge of the First Criminal Court of Jersey City of being a common thief and pickpocket, and to have been frequenting and attending a railroad depot, a place of public resort, for the unlawful purpose of stealing, an offense denounced by section 6 of the act concerning disorderly persons (*Comp. Stat., p.* 1928), and was adjudged to be a disorderly person pursuant to that section of that act.

The defendant below brings up for review such conviction, and the sentence imposed thereon, and now argues that "there was not sufficient evidence on which to base the conviction."

We think that there was. The record of conviction sets forth evidence showing (1) the defendant's reputation as a

common thief and pickpocket, and the repetition of particular acts and conduct from which (to use the language of Mr. Justice Van Syckel in *Griffin* v. *Mills,* 39 *N. J. L.* 589) "the general and notorious character" of the defendant as a common thief and pickpocket was to be inferred, and also evidence tending to show (2) that he was frequenting and attending a railroad depot, a place of public resort. for the unlawful purpose of stealing. Such evidence justified the conviction. 3 *Wigm. Ev. (2d ed.)* 374, § 1620; 1 *Wigm. Ev. (2d ed.)* 443, § 203.

The next point is that "the conviction of the prosecutor was based upon matters outside of the record."

We see no merit in this point. The prosecutor's argument is that an examination of the transcript of evidence taken at the trial and returned with the state of the case will disclose that the conviction is erroneous. To this it is a sufficient answer to say that such evidence returned by the police justice as part of his transcript was not embraced in the conviction, and was not returned pursuant to any rule of this court, and is not part of the record, and will not be considered by the court. *Board of Health* v. *Rosenthal,* 67 *N. J. L.* 216; *Lloyd* v. *Richman,* 57 *Id.* 385; *Preusser* v. *Cass,* 54 *Id.* 532.

Lastly, it is contended that section 6 of the Disorderly Persons act violates the provisions of the federal constitution which declare (1) that no person shall be subject for the same offense to be twice put in jeopardy; (2) that no state shall deny any person within its jurisdiction the equal protection of the laws, nor (3) deprive anyone of life. liberty or property without due process of law.

We think there is no merit in these contentions.

The section reads:

"6. Any person who shall be arrested at any \* \* \* railroad depot \* \* \* or other place of public resort \* \* \* and shall be proven to the satisfaction of the magistrate before whom such person shall be brought to be a common thief, burglar or pickpocket, and to have been frequenting or attending such place or places for an un-

lawful purpose, shall be deemed and adjudged to be a disorderly person."

To the prosecutor's argument that this section "imposes two punishments for the same offense," the answer is that it does not. The offense denounced by that section is entirely different and distinct from the crime of thieving or picking pockets. In the latter the actual commission of the particular theft is the essential thing, and that was not alleged nor proved in the present case, nor was such proof required by section 6 of the statute. Under that section *the frequenting or attendance of a common thief* or pickpocket *at a place of public resort for an unlawful purpose* are the essential elements. To the argument that the effect of the act is to place the accused "in a different category from other persons," the answer is that it does not deny to the accused the protection that is accorded to others under the same conditions and in like situations. *Graham* v. *West Virginia,* 224 *U. S.* 616.

We believe that these observations, in effect, dispose of every question raised and argued.

The result is that the proceedings below are affirmed, with costs.