MURRAY LEVINE AND ROBERT BARBALET, PROSECUTORS, v. STATE OF NEW JERSEY ET AL., RESPONDENTS.

Submitted January 27, 1932—Decided June 6, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutors, *Raskin & Hornstein.*

For the respondents, *Frank J. Reardon.*

PER CURIAM.

Prosecutors of these writs of *certiorari,* Murray Levine and Robert Barbalet, were taken into custody on January 24th, 1931, in Jersey City, as they were on a public highway known as Monticello avenue. They were arraigned on February 11th, 1931, before the First Criminal Court of Jersey

City, and each was found guilty of being a disorderly person within the meaning of section 1 of the act entitled "An act concerning disorderly persons" (Revision of 1898, as amended *Pamph. L.* 1928, *p.* 202), the pertinent part of which is as follows: "All * * * common thieves, burglars or pickpockets, * * * shall be deemed and adjudged to be disorderly persons."

Appeal was taken to the Hudson County Court of Common Pleas, which affirmed such convictions. It is these affirmances that are sought to be reviewed in these proceedings.

Prosecutors file seven reasons for reversal in the following form:

"1. There was no valid complaint, or complaint having legal validity filed in the case.

"2. The conviction is contrary to the weight of the evidence.

(a) There is no testimony of any kind to support the conviction.

(b) The prosecutor is presumed to be innocent.

"3. Improper testimony was illegally admitted and received in evidence over objection.

"4. The record of conviction is defective, erroneous and illegal.

"5. The substitution of complaints was illegal and in violation of the constitutional rights of the prosecutor.

"6. The "act concerning disorderly persons" (Revision of 1898), or that portion thereof under which the charge against the prosecutor is laid, is unconstitutional and void both under the New Jersey constitution and under the constitution of the United States, and is contrary to the fifth amendment of the constitution of the United States.

"7. That the proceedings below are in divers other respects illegal, unjust, oppressive and void."

It is apparent that the first, third, fourth, fifth and seventh reasons fail to set out the ground with that particularity and definiteness required, and might properly be disregarded. However, we proceed to dispose of the matters submitted upon the merits.

The complaints upon which prosecutors were tried set out

that they were disorderly persons in that they were burglars, and were loitering in and upon a public street in Jersey City, at a definite location therein. The original complaint was not specific in the ground alleged to constitute prosecutors disorderly persons, but the trial was had upon the amended complaint which was made at least five days before the trial. We are of opinion that the complaint upon which the trial was had was sufficient. It is likewise apparent that the making of a new complaint, upon which the trial proceeded, in no way violated the rights of the prosecutors.

The testimony demonstrated that each of the prosecutors was convicted of at least three offenses of burglary committed in the State of New York, except that Barbalet was convicted in New Jersey of receiving stolen goods. They were evasive in their answers to questions propounded by detectives who interrogated them on the street; gave false names; gave false addresses; gave untrue accounts of their reason for being in Jersey City; were loitering along the street and acting like persons who had no proper reason for their presence at the place; and, altogether, acted in such manner as to warrant the suspicion of the public authorities that they were not upon an honest errand. It appears, therefore, that there is ample testimony to sustain their convictions as disorderly persons under the complaint. *Rothman* v. *State,* 102 *N. J. L.* 43; 130 *Atl. Rep.* 888.

It is objected that the records of conviction could not be admitted in evidence. We think they were properly admitted to show the character of the prosecutors. One can be adjudged a common burglar only upon convictions thereof.

We are not impressed by the charge that the records of conviction herein are defective, erroneous and illegal. All of the matters asserted by prosecutors as essental to a proper record of conviction appear to have been fully complied with. The prosecutors raised no objection at their trial to a failure to be apprised of the complaint against them; they appeared by counsel and cross-examined witnesses; produced witnesses and were themselves sworn in their own behalf. The trial was proceeded with in an orderly way, and without question

by prosecutors of the jurisdiction of the court. The records of conviction appear to be a full compliance with section 85, *Comp. Stat., p.* 3993. There is no merit in this contention.

It is said that the act is unconstitutional. Our attention is not directed to the respects in which the act is said to violate the constitution of the State of New Jersey or of the United States, except that it is unconstitutional to convict the prosecutors in this case. We are of opinion that there is nothing in this point.

Upon consideration of the whole case and having regard to the several points urged by prosecutors, we conclude that the judgments under review should be affirmed, with costs.