HOWARD JOHNSON, PROSECUTOR, v. CITY OF WILDWOOD, DORIS W. BRADWAY, COMMISSIONER OF PUBLIC SAFETY, ET AL., DEFENDANTS.

Argued May 7, 1935—Decided July 24, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *E. G. C. Bleakly*.

For the defendants, *William George*.

PER CURIAM.

The prosecutor, a police officer of Wildwood, apparently a patrolman, was tried before the commissioner of public safety, who was also the mayor, on written charges of neglect of duty and conduct unbecoming an officer, found guilty, and dismissed from the force. To review this dismissal he sued out the present writ.

We think it safe to say that if the filed reasons had stated certain grounds appearing plainly on the record, and to be presently noticed, this court would have little difficulty in setting aside the conviction and dismissal. The trial was disorderly throughout, as the transcript of the testimony plainly shows. Fundamentally, the specifications seem insufficient, as they allege without assigning any date, that prosecutor observed the presence of certain slot machines at specified places and willfully failed and neglected to report them; and when questioned why he had so omitted to report, said that they were on another man's beat; also that he "did willfully make false and untrue statements to 'the chief of police,'" &c. The trial was in 1934, and it appeared that the dereliction, if any, was in 1932, when the chief of police who signed the complaint was not in office as such. But no objection was made to the charge and specification. What is before us is the transcript of a sort of go-as-you-please trial, with no substantial legal point now argued; based on anything raised below.

Taking up the reasons *seriatim,* the first reason is:

"The said complaint, the making thereof, the hearing thereof and the evidence submitted in support thereof, were based on political animosity and prejudice and the prosecutor was removed from office for political reasons."

As to this, there is ground for suspicion, but the proof is in our estimation inadequate.

The second is:

"The prosecutor did not have a fair and impartial trial or a reasonable opportunity to make his defense to said charges."

As to the first branch of this, it is covered by what has just been said. The second branch is without support; and no such point was made below. Prosecutor was represented by counsel, who went into the hearing without objection.

The third is:

"There was no competent or relevant evidence given at said hearing to support the charges made or to afford a rational basis for the dismissal of the prosecutor."

Our examination of the testimony shows this to be without substance.

The fourth is:

"Prosecutor was found guilty of several matters not set forth in the charges and as to which no evidence was submitted at said hearing."

This relates to comments of the mayor in pronouncing judgment and imposing sentence, touching alleged behavior of prosecutor at the trial. But there was no such charge considered, nor did the adjudication of guilt go outside the charges preferred.

Five and six (in general terms):

Illegal testimony admitted for the prosecution, and legal testimony for the defense excluded.

We do not find any rulings on evidence specified as a ground of reversal. Some of them as discussed in support of reason 7, which is in substance that the mayor "acted in a biased, prejudiced, unfair and illegal manner, highly prejudicial to the rights of the prosecutor." It may have been, and probably was, unfortunate that the mayor should have been concerned in certain side issues relating to the prosecutor; but the law laid on her the duty of presiding at the trial, and provided no substitute. After all, the question is whether the evidence supported the conviction. We think that it did.

Reason 8 is that no police department rules were put in evidence, and consequently no breach of them was shown. The first answer is that no such point was made at the trial;

the second, that the duty of a police officer to suppress crime goes with the office and needs no code of rules.

Reason 9 is general illegality, and requires no discussion.

We find no sufficient ground of reversal properly raised, and the writ is therefore dismissed with costs.

Counsel for prosecutor called as a witness the mayor herself, who was sitting in judgment on the case, and she refused to testify. We do not observe that this refusal is urged for error, but it may be well to note that the refusal is fully supported by the cases of *Crawford* v. *Hendee,* 95 *N. J. L.* 372; 112 *Atl. Rep.* 668, and *State* v. *DeMaio,* 69 *N. J. L.* 590; 55 *Atl. Rep.* 644; *affirmed,* 70 *N. J. L.* 220; 58 *Atl. Rep.* 173.