SPECIAL STATUTORY TRIBUNAL.

Case No. 1

BOROUGH OF HASBROUCK HEIGHTS, COMPLAINANT, v.
GEORGE O'BRIEN, DEFENDANT.

Case No. 2

BOROUGH OF HASBROUCK HEIGHTS, COMPLAINANT, v.
FRED MEILER, DEFENDANT.

Decided June 30, 1948.

For the complainant, Borough of Hasbrouck Heights, *Ralph W. Chandless.*

For the defendant George O'Brien, *Albert V. D'Amato.*

For the defendant Fred Meiler, *Raymond H. Flanagan.*

DEL MAR, J. All parties have agreed that the two above-entitled cases should be argued and decided together, the facts and law in both cases being the same.

The two defendants having each been convicted of violating an ordinance of the Borough of Hasbrouck Heights in a summary proceeding and sentenced to ninety (90) days in the county jail, petitioned me for a review of the proceedings.

These are not appeals under *R. S.* 40:87–42; *N. J. S. A.* 40:87–42, but are proceedings authorized by *R. S.* 2:215–7; *N. J. S. A.* 2:215–7, which provides for a review by the judge of the Court of Common Pleas and not by the court itself. Therefore, the papers should not be entitled in the Bergen County Court of Common Pleas. In passing, it should be noted that the recorder in his record of conviction sets forth the titles of the cases as State of New Jersey, Sergeant Albert Gernert, prosecutor, against the respective defendants. This is also erroneous inasmuch as the charge is a violation of a borough ordinance and the State of New Jersey is not a party to either action.

The defendants have set forth many reasons why, in their opinions, their convictions should be set aside, some having no merit whatsoever and some presenting debatable questions of law. I do not deem it necessary, however, to consider any of them, except those referred to hereafter.

The recorder instead of following the time-honored procedure of setting forth the names of the witnesses with the gist of their testimony, returned that the testimony of the wit-

nesses was ."taken stenographically by Edward Salbin, who was first duly sworn; the transcript of the testimony and proceedings is herewith returned." My attention has not been called to any statute authorizing the taking of the proceedings stenographically nor the substitution of a transcript of the testimony and proceedings in lieu of including a statement of the substance of the evidence as a part of the conviction and, in the absence of any such authority, the transcript cannot be considered by me in arriving at a decision. The result is that there is no evidence legally returned to this court and the conviction must, therefore, be set aside. See *Esping* v. *Elizabeth Society P. C. C.*, 79 N. J. L. 357; 75 *Atl. Rep.* 547; *Elizabeth* v. *Central Railroad Co.*, 66 N. J. L. 568; 49 *Atl. Rep.* 682; *Rothman* v. *State*, 102 N. J. L. 43; 130 *Atl. Rep.* 888; *State* v. *De Maio*, 69 N. J. L. 590; 55 *Atl. Rep.* 644; *affirmed*, 70 N. J. L. 220; 58 *Atl. Rep.* 173.

At the trial before the recorder, as indicated by the so-called transcript of proceedings, defendants' counsel attempted to enter a special appearance and to show, by an examination of the witnesses produced on behalf of the borough, that the warrant for defendants' arrest was issued before the complaint had been sworn to. This transcript was not made by virtue of any order or rule of this court and, since the transcript cannot be used as a substitute for a proper record of conviction, I think it is also improper that it should be used for the purpose of attacking the validity of the conviction. I know of no authority for such practice and none has been called to my attention.

There is a still stronger reason why the proceeding should be set aside. The complaint was made by a sergeant of police of the Borough of Hasbrouck Heights and the jurat sworn to before someone whose name I cannot read, but who signs it as borough recorder; there is a seal annexed which is also unreadable; no court is mentioned; and it is not said that any ordinance *of the Borough of Hasbrouck Heights* has been violated. If the part of the complaint which alleges a violation of the statutes in such case made and provided be treated as surplusage and assuming that it was intended to charge a violation of section 17 of Ordinance No. 418 of the Borough

of Hasbrouck Heights, even then a reference to such section of such ordinance clearly shows that the complaint does not set forth any violation thereof. The complaint alleges that the defendants did each violate:

"Ordinance No. 418, Section 17, in that the defendant did and within the jurisdiction of this court, willfully and unlawfully did make and take what is commonly known as a book, upon the running of horses, mares, and geldings, contrary to the form of the statutes in such case made and provided, and against the peace of the state."

Section 17 of ordinance 418 of the Borough of Hasbrouck Heights reads as follows:

"No person shall set up, keep or maintain in any house or premises a faro table, faro bank, roulette or other device or game of chance hazard or address for the purpose of gambling for money or other valuable thing, and no person shall deal, play or engage in faro roulette, or other device or game of chance or address, either as banker player, dealer or otherwise for the purpose of gambling."

"Bookmaking" was defined by the Court of Errors and Appeals, in the case of *State* v. *Morano*, 134 *N. J. L.* 295 (at *p.* 299); 47 *Atl. Rep.* (*2d*) 419, 422, as follows:

"The making or taking and recording or registering of bets or wagers on races and kindred contests."

The ordinance in question says nothing about bookmaking or betting on horses in so many words. It first prohibits "a faro table, faro bank, roulette or other device." The purpose of this part of the ordinance was evidently to forbid the use of certain apparatus used for gambling. Under the familiar rule of construction *noscitur a sociis* the words "or other device" must be referred to what precedes it in the ordinance. A "book" is not a device for gambling—it is the means for recording bets which have already been made. It is the evidence of gambling rather than the device for gambling and it is not, in itself, a game of chance, hazard or address. The latter part of the ordinance prohibits a person from "dealing, playing or engaging in faro roulette, or other device or game of chance or address, either as banker player, dealer or otherwise for the purpose of gambling."

The complaint does not allege that the defendants did any of these things. For all that appears, the bets may have been made and the gambling done by other people. If it was intended to allege that the defendants made bets on horses at the address in question, and thereby indulged in a game of chance, the complaint could have so stated in very simple and easily understood words.

The rule of law governing the interpretation of complaints or informations in summary proceedings has been variously stated. Hawkins says, in *Book II* of his *"Pleas of the Crown,"* *ch.* 26, § 4:

"That seeing an information differs from an indictment in little more than this, that the one is found by the oath of twelve men, and the other is not so found; but is only the allegation of the officer who exhibits it, whatsoever certainty is requisite in an indictment, the same at least is necessary also in an information, and consequently, as all the material parts of the crime must be precisely found in the one, so must they be precisely alleged in the other, and not by way of argument or recital."

An examination of the English authorities shows that the views which Sergeant Hawkins expressed have been applied not only to those informations which were preferred by the Attorney-General in criminal matters, but also to those informations which formed the foundation of summary proceedings. See *Rex* v. *Trelawny,* 1 *T. R.* 222; 99 *E. R.* 1062; *Rex* v. *Edwards,* 1 *East.* 278; 102 *E. R.* 108; *Rex* v. *Corden,* 4 *Bur.* 2279.; 98 *E. R.* 189; *Rex* v. *Mallinson,* 1 *Bur.* 679; 97 *E. R.* 509, and *Paley* (*9th ed.*) 479, under title, *"Description of the Offense."*

The requirement of certainty in relation to indictments has been time and again passed upon by our Court of Errors and Appeals and may be found by an examination of the opinion of Chief Justice Beasley in *Linden Park Horse Association* v. *State,* 55 *N. J. L.* 557; 27 *Atl. Rep.* 1091, and by another opinion of the same court written by Mr. Justice Heher in the recent case of *State* v. *Morano,* 134 *N. J. L.* 295 (at *p.* 296); 47 *Atl. Rep.* (*2d*) 419.

The various learned judges who have considered the problem in reported cases in New Jersey, in relation to complaints in summary proceedings, have differed in their expression of the law. The cases may be divided into three classes:

(1) Those where it was said that the rules of construction should be the same as those applied in indictments in criminal proceedings. In this class is the case of *Sparks* v. *Stokes,* 40 *N. J. L.* 487 (at *p.* 491).

(2) Those in which it was said that there should be a greater strictness in the case of complaints in summary proceedings than in the case of indictments. In this class, following *Chitty's Criminal Law,* is the case of *Doughty* v. *Conover,* 42 *N. J. L.* 193 (at *p.* 196).

(3) Those in which it was said that a lesser degree of strictness is necessary in the case of complaints in summary proceedings than in the case of indictments in criminal matters. In this class is the case of *Dziatkiewicz* v. *Township of Maplewood,* 115 *N. J. L.* 37 (at *p.* 40); 178 *Atl. Rep.* 205. However, the same learned justice who wrote that opinion said, in *Haviland* v. *Egan,* 11 *N. J. Mis. R.* 799 (at *p.* 801); 168 *Atl. Rep.* 171, 172:

"The compaint should state with legal certainty the offense alleged" and that "Nothing is presumed or intended in favor of a [*sic*] validity of a complaint or of a conviction had thereon, the ordinance being penal and the proceeding summary."

And again in *State* v. *Rowe,* 116 *N. J. L.* 48 (at *p.* 51); 181 *Atl. Rep.* 706, he questioned, without the court deciding, whether a complaint in a summary proceeding of a *quasi-*criminal character need measure up to the exactness of an indictment in a criminal procedure.

In the matter of indictments, since bills of particulars have come into more common usage there has been a tendency on the part of the courts to be more liberal in sustaining their validity and to relax to some extent the strictness with which they were interpreted at common law. Perhaps, also, there has been some slight relaxation of the strictness of interpretation to be given to complaints in summary proceedings, but, if so, there would seem to be no good reason to doubt the

wisdom of the rule asserted by Sergeant Hawkins. Since bills of particulars are not allowed in summary proceedings, the necessity for setting forth the facts constituting the complaint is, if anything, stronger than in the case of an indictment.

A study of the many decisions reported in the New Jersey Reports, including those referred to in this opinion, leads me to the belief that all of the judges who have expressed their opinions entertained similar views as to the certainty required of a complaint, and that when those views are applied to a particular set of facts, no matter how the rule is expressed, the result is about the same. I have, however, come to the following conclusions:

(1) That whatever facts are necessary to be alleged in an indictment, must also be alleged in a complaint in a summary proceeding.

(2) That because officials who prepare such complaints are not required in many cases to be learned in the law and are not expected to be familiar with legal terminology, a complaint in a summary proceeding, although not prepared with technical nicety, is sufficient if it states with legal certainty the offense with which the defendant is charged.

(3) That because the statutes of *jeofails* and amendments do not apply to complaints in summary proceedings and the judges who are authorized to try such cases are not empowered to grant bills of particulars, in many cases there should be a greater strictness than in the case of indictments.

Judged by any of the rules of interpretation hereinbefore set forth, it is my opinion that the complaints in the actions under consideration are insufficient to properly apprise the defendants with that of which they stood charged and, therefore, the proceedings were illegal and are herewith set aside and the defendants hereby discharged from custody.