STATE, EUGENE HERSHOFF, PROSECUTOR, v. TREASURER OF THE CITY OF BEVERLY.

1. The fact that summary proceedings before a magistrate for violation of a city ordinance appear to be prosecuted in the name of the city treasurer instead of the corporate name, is not a fatal objection to their validity.

2. Under the charter of the city of Beverly, the common council may authorize either an action of debt or a complaint and summary conviction before a magistrate for violation of its ordinances.

3. On such a complaint, a slight variance between the allegation and the proof, as to the time of the offence, is immaterial.

Hershoff v. Treasurer of Beverly.

4. The title of an ordinance, being inessential, cannot control the tenor of the enactment.

5. A power to license places for the sale of fermented liquors, granted to a city where such places were unrestrained by general law, coupled with the general power to pass ordinances for promoting the peace and good order of the city, justifies an ordinance which forbids any sale of such liquors in unlicensed places.

On *certiorari* bringing up a summary conviction of the prosecutor before a justice of the peace.

Argued at February Term, 1883, before Justices DIXON and MAGIE.

For the prosecutor, *A. H. Gangewer.*

For the defendant, *M. R. Sooy.*

The opinion of the court was delivered by

DIXON, J. The first objection urged against these proceedings is embraced in the first and eighth reasons assigned, to the effect that the prosecution should have been in the name of The Mayor, Clerk and Common Council of the City of Beverly, the corporate title, instead of the name of the treasurer of the city.

The city charter (*Pamph. L.* 1857, *p.* 430, § 9,) authorizes the council to enforce the observance of its ordinances by prescribing a forfeiture or penalty, not exceeding $50, to be recoverable by action of debt, with costs, in any court of record in said city, in the name of the treasurer of the city of Beverly, for the use of said city, or by prescribing punishment therefor by fine or imprisonment in the city prison, or both, to be imposed by the mayor or any resident justice of the peace, the fine not to exceed $50 and the imprisonment thirty days, and until the fine and costs be paid. This evidently gives to the council a choice between two modes of procedure; one, an action of debt, which must be brought in the name of the treasurer; the other, the ancient and familiar summary proceeding on information. *Hershoff* v. *Beverly*, 14 *Vroom* 139.

This latter proceeding is that which the ordinance under which the prosecutor was convicted directs to be pursued. Speaking generally, such a proceeding is not to be instituted in the name of any formal party. It takes its inception upon complaint being made by any competent person, or in some cases, upon the view of the magistrate. Then must follow legal notice of the charge to the person accused, trial, sufficient evidence of guilt, conviction and judgment. These, and these only, are the essentials of a summary conviction. 1 *Burn's Just.* 410, tit. " *Conviction;* " *Keeler* v. *Milledge,* 4 *Zab.* 142 ; *McEntie* v. *Sandford,* 13 *Vroom* 260.

When prosecuted to punish offenders against municipal ordinances, the papers are commonly entitled in the corporate name ; but I can find no reason for doubting their validity if this were omitted. In the present case, the ordinance directs that the complaint shall be made in the name of the city treasurer, and hence the complainant so complained, and the papers are so endorsed ; but this, at the worst, is only super-fluous. It affords no ground for reversing the proceedings.

The second, seventh and eleventh reasons assigned are, in substance, that the law controlling actions of debt was not obeyed. These are all disposed of by remarking that the proceeding was not, and did not purport to be, such an action.

The third and fourth reasons are that the evidence of Mary McCloskey that defendant sold beer on November 5th, does not warrant a conviction on a complaint of selling on November 3d. Such a variance between the averment of time and the proof is entirely immaterial. *Greeley* v. *Passaic,* 13 *Vroom* 87, 91.

The fifth reason is that the testimony of the *other* witnesses is insufficient. But this is unimportant, if the evidence of Mary McCloskey be sufficient.

The sixth reason is that the evidence only shows that the defendant sold a small quantity of beer by the quart on November 5th, and does not warrant a conviction under the ordinance against keeping a tippling-house.

The answer to this is, that although the *title* of the ordinance is, " To prevent the establishment of tippling-houses," the ordinance itself goes much further and forbids *any sale* of lager beer, ale or other malt liquor, without license. The title is unnecessary, and cannot control the tenor of the enactment.

The ninth, tenth, twelfth and thirteenth reasons, with the argument under them, are to the effect that the common council could not create offences or provide punishments different from those which the general laws of the state prescribed.

The grant of power to the common council is under the ninth and tenth sections of the city charter. The tenth section gives to the council " the sole, only and exclusive right and power of granting licenses to all and every inn-keeper and retailer of spirituous liquors residing within said city, subject to the same provisions and in like manner as the same may lawfully be done by the Courts of Common Pleas in this state, * * * and the sole, only and exclusive right and power of licensing such and so many keepers of oyster-houses and cellars, and places for the sale of fermented liquors within said city, upon such terms and conditions and under such regulations as they may deem most conducive to the good of said city." The ninth section authorizes the council to pass such ordinances for promoting the peace, good order and prosperity of the city as they may deem expedient, not repugnant to the constitution of this state or of the United States.

Now, with regard to the licenses mentioned in the first clause of this tenth section, there is certainly ground for the contention that the power there given is subject to limitation by the general Inns and Taverns act, which controls Courts of Common Pleas in granting licenses, but as to the power given by the second clause, no such limitation is expressed or could have been implied, for the reason that when this charter was passed, there was no general law for the licensing of the occupations in that clause mentioned. The keeping of oyster-houses and places for the sale of fermented liquors, (as distinguished from spirituous liquors,) was free to all. This power

to license places for the sale of fermented liquors is not accompanied by express authority to forbid and punish the keeping of such places without license, but relating, as it does here, to occupations which are otherwise unrestrained, such an authority is necessarily implied, for without it the power to license would be nugatory. No one would seek a license for the doing of that which was equally lawful without it. This implication is favored also by the general power to legislate for the peace, good order and prosperity of the city, for it would certainly be conducive to the good order of the town that all proprietors of places belonging to the class over which the licensing power extended, should be subjected to such regulations as that power might reasonably impose, and this can be accomplished only by punishing those who fail to procure license. This power thus implied to suppress unlicensed places for the sale of fermented liquors amounts to an authority to forbid any sale of such liquors unless in a licensed place, according to the decision in *Trustees of Clintonville* v. *Keating,* 4 *Denio* 341. My conclusion, therefore, is that, so far as this ordinance relates to the unlicensed sale of fermented liquors, it is within the chartered powers of the council. Whether it is valid in other respects, need not be determined, for ordinances, like acts of the legislature, may be good in part though bad in other separable and independent provisions. 1 *Dill. on Mun. Corp.,* § 421 (354) *and notes ; Rader* v. *Township of Union,* 10 *Vroom* 509 ; *Van Riper* v. *North Plainfield,* 14 *Vroom* 349.

The prosecutor has assigned no sufficient reason for the reversal of the judgment below, and therefore it should be affirmed, with costs.

The reasons assigned by the same prosecutor for reversal of his conviction before the mayor of the city upon a similar charge are all substantially covered in the foregoing opinion. Objections to the proceedings which are not distinctly pointed at by the reasons assigned, cannot be considered by the court.

The judgment must be affirmed, with costs.