EMILY L. YOEMANS, KENNETH B. DATES AND EDSON W. BEATTY, PROSECUTORS, v. THE TOWNSHIP OF HILLS- BOROUGH IN THE COUNTY OF SOMERSET, THE TOWN- SHIP COMMITTEE OF THE TOWNSHIP OF HILLS- BOROUGH, FREDERICK KAISER ET UX., ET AL., DE- FENDANTS.

Argued January 23, 1947—Decided July 2, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the prosecutors, *Kearns & Bruder* (*Anthony P. Kearns*, of counsel).

For the defendants Township of Hillsborough and Town- ship Committee, *Herr & Fisher* (*Ryman Herr*, of counsel).

For the defendants Frederick Kaiser et ux., et al., *Wharton & Hall* (*T. Girard Wharton* and *William T. Stewart, Jr.*, of counsel).

The opinion of the court was delivered by

COLIE, J. *Certiorari* was allowed the prosecutors to attack the legality of the zoning ordinance of the Township of Hills- borough, adopted May 22d, 1946. The prosecutor Emily L. Yoemans is the owner of a tract approximating 95 acres, located in the township. Prosecutors Kenneth B. Dates and Edson W. Beatty are tenants of Emily L. Yoemans, occupy- ing the premises in question. They also hold a written con- tract for the purchase of said lands, which contract contains a clause providing that the purchasers desire to acquire the

premises solely for the purpose of developing and using the same as an airport and that in the event that they are unable to obtain federal, state or local consent or permission so to use the lands, then the said contract to purchase may, at the option of Dates and Beatty be terminated upon 30 days' notice, and thereafter the agreement and all rights and liabilities of each of the parties thereunder shall cease and terminate.

In 1940 the Planning Board of the Township of Hillsborough was organized and meetings were held in an effort to prepare a zoning ordinance. The minutes of the meeting of the Planning Board of December 7th, 1945, expressed the hope that the draft of the zoning ordinance would be ready in the spring of 1946. The contract between Yoemans and the present tenants was entered into on March 26th and the following day Messrs. Dates and Beatty made application to the township committee for the construction of an airport on the Yoemans property. On April 10th Dates made a further application for permission to construct another building on the said premises. On May 14th, 1946, the Township Committee denied the two building applications above mentioned, and eight days thereafter, on May 22d, 1946, the zoning ordinance was finally adopted. The ordinance divides the township into three zones—(1) residential and agricultural; (2) business and (3) industrial. In the residential and agricultural zone, it expressly prohibits airports.

Between the date of the adoption of the original ordinance and the adoption of an amending ordinance, the writ of *certiorari* now returnable was allowed and some time thereafter Kenneth B. Dates and Edson W. Beatty were joined as prosecutors by order of the court and thereafter the defendant Frederick Kaiser and numerous other owners of land within a radius of one-half mile of the proposed airport were admitted as parties defendant.

Prosecutors set forth 14 reasons why the ordinance should be set aside. The meritorious question for decision revolves about section 7, subdivision 2 (f) thereof, which lists among the prohibited uses in a residential and agricultural zone, that of an airport. It is contended on behalf of the prosecutors

that this prohibition is unreasonable, therefore invalid, and that the ordinance is unconstitutional in that it deprives the prosecutors of their property without just compensation and without due process of law and prevents them from making proper and legal use thereof, all in violation of the first and sixteenth paragraphs of article I of the Constitution of the State of New Jersey and the Fourteenth Amendment of the Federal Constitution.

Chapter 48 of the laws of 1938, *R. S.* 6:1–21, subdivision (f) defines an airport as follows:

" 'Airport' means any area of land, water or both, which is used or made available for the landing and take-off, and which provides facilities for the shelter, supply and repair of aircraft, and which, as to size, design, surface, marking, maintenance, repair and management, meets the minimum requirements for the various classes of airports established from time to time by the New Jersey State Aviation Commission."

The legislature, having defined an airport, we do not have to speculate as to what is meant by that term, and the question then narrows down to the reasonableness of the prohibition. The determination of that question turns upon article 4, section 6, paragraph 5 of the state constitution, as amended. It reads:

"The Legislature may enact general laws under which municipalities, other than counties, may adopt zoning ordinances limiting and restricting to specified districts and regulating therein, buildings and structures, according to their construction, and the nature and extent of their use, and the exercise of such authority shall be deemed to be within the police power of the State. Such laws shall be subject to repeal or alteration by the Legislature."

Thereafter, an enabling act was passed which now appears as *R. S.* 40:55–30. It reads:

"Any municipality may by ordinance, limit and restrict to specified districts and may regulate therein, buildings and structures according to their construction, and the nature and extent of their use, and the exercise of such authority, subject to the provisions of this article, shall be deemed to be within the police power of the state. Such ordinance shall

be adopted by the governing body of such municipality, as hereinafter provided, except in cities having a board of public works, and in such cities shall be adopted by said board.

"The authority conferred by this article shall include the right to regulate and restrict the height, number of stories, and sizes of buildings, and other structures, the percentage of lot that may be occupied, the sizes of yards, courts, and other open spaces, the density of population, and the location and use and extent of use of buildings and structures for trade, industry, residence, or other purposes."

*R. S.* 40 :55–32 provides that:

"Such regulations shall be in accordance with a comprehensive plan and designed for one or more of the following purposes; to lessen congestion in the streets; secure safety from fire, panic and other dangers; promote health, morals or the general welfare; provide adequate light and air; prevent the overcrowding of land or buildings; avoid undue concentration of population. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality."

One attacking a zoning ordinance as unreasonable is met by the presumption that the ordinance is reasonable and must bear the burden of establishing the contrary. *Brandon* v. *Montclair,* 124 *N. J. L.* 135 (at *p.* 149) ; *affirmed,* 125 *Id.* 367.

The prosecutors devote a considerable portion of the brief to a discussion of the denial of the Township Committee to issue building permits and to an attack upon certain sections of the ordinance not pertinent to the question at issue. The denial of the permits is not brought before us under the writ and we need not and do not express an opinion on the sections of the ordinance which are irrelevant to the question before us.

In the instant case, the record that comes up to us is devoid of evidence that the prohibition of an airport in a residential and agricultural zone is unreasonable.

The writ is dismissed, with costs.