RIDGEWOOD AIR CLUB, A CORPORATION, PROSECUTOR, v. BOARD OF ADJUSTMENT OF THE VILLAGE OF RIDGEWOOD, BERGEN COUNTY, NEW JERSEY, DEFENDANT.

Submitted May 6, 1947—Decided October 17, 1947.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Doughty & Dwyer* (*John W. Ockford*, of counsel).

For the defendant, *William E. Reinhardt*.

For the defendant-interveners, Moses Sandler and Charlotte Sandler, *Morrison, Lloyd & Griggs* (*George A. Brown*, of counsel).

The opinion of the court was delivered by

EASTWOOD, J. This is a zoning case. Prosecutor, Ridgewood Air Club, a non-profit corporation of this state seeks *by certiorari* to reverse the action of the Board of Adjustment of the Village of Ridgewood in refusing to grant a permit for the use of certain lands in the defendant municipality as a non-commercial airport. The Board of Adjustment denied prosecutor's petition for a permit following a hearing on the merits.

We have before us a record which, to say the least, is highly confused and incomplete. From what we are able to glean from the record it appears that prosecutor, Ridgewood Air Club, is an association of individuals who are desirous of advancing their interest in aviation and to provide economical and convenient flying facilities for its members. The association was incorporated under the non-profit laws of this state early in the year 1946 and has approximately twenty members enrolled at this time, each of whom has contributed $100 for the purposes of the organization. Richard Marlow is the president of the air club and also the owner of a tract of land situate within the boundaries of the Village of Ridgewood, consisting of approximately 108 acres. It is proposed by the air club to convert this tract into an airfield. To that end applications were made on November 27th, 1945, and again on March 12th, 1946, to the superintendent of buildings of the defendant village by Mr. Marlow for permission to construct certain buildings on the premises in question to be used in connection with the proposed airport. The applications were denied by the building inspector and so far as we are able to determine from the record no appeal was taken from this determination.

Thereafter a petition was filed by prosecutor with the Board of Adjustment signed by Richard Marlow, owner of the land, as president and trustee of the Ridgewood Air Club, to conduct an aviation field in accordance with plans and specifications alleged to have been filed with the building inspector of the Village of Ridgewood on February 27th, 1946. The petition seeks approval for an aviation field pursuant to a zoning ordinance of the defendant municipality known as Ordinance No. 764, the same having been adopted by the municipality on April 14th, 1931.

The zoning ordinance adopted April 14th, 1931, and known as Ordinance No. 764, placed the property in question in a single dwelling zone, and for purposes material to this decision provides as follows:

"Section 5. Single Dwelling Zone Uses. Within any Single Dwelling Zone no building shall be used in whole or in part for any industrial, manufacturing, trade or commercial

purposes, or for any other than the following specified purposes:.

\* \* \* \* \* \* \*

"(8) Aviation field not conducted primarily for gain and without shops, eating places or other commercial activities, and subject to the approval of the Board of Adjustment and such regulation as that Board may prescribe;"

The matter came on for hearing before the Board of Adjustment on April 22d, 1946. Testimony was taken on behalf of the respective parties, the sole witness produced on behalf of prosecutor being one David Cable, a member of Ridgewood Air Club. The witness Cable endeavored to testify concerning a photostatic copy of an alleged map of the proposed Ridgewood Air Park, it being claimed that the original had been lost, mislaid or was otherwise unavailable. On the whole Mr. Cable's testimony was uncertain and speculative.

The Board of Adjustment denied prosecutor's application on the grounds that the application was barren of any information as to the proposed airfield which would enable the board to approve such project; that no map was filed by the air club showing the proposed layout of the field; that the Board of Adjustment could not be expected to grant its approval of the application under section 5, paragraph 8 of the ordinance without having convincing evidence that a proper and suitable airfield was to be operated by a *bona fide* club properly financed and thoroughly responsible, and with the detail of construction and operation of the field, safety measures, measures to prevent the creation of a public nuisance, &c., laid before the board in order to demonstrate to the board that the project was one which merited approval; and that in any event, the record with respect to the proposed use of the property indicated that there was grave doubt as to whether approval for any airfield at the proposed site should be granted.

The ordinance in question was repealed on April 23d, 1946, the repealing ordinance being known as Ordinance No. 993. The repealing ordinance made no provision for the establishment of an airfield of the type in question. The repealing ordinance is in effect at the present time.

We might with propriety dispose of the matter before us on the ground that the ordinance under which the application was originally made has been repealed, and that, therefore, this court must apply the law in effect at the time of the disposition of the cause by it. *Socony-Vacuum Oil Co., Inc.,* v. *Mt. Holly Township,* 135 *N. J. L.* 112; 51 *Atl. Rep.* (2d) 19; *Phillips et al.* v. *Town of Belleville,* 135 *N. J. L.* 271; 52 *Atl. Rep.* (2d) 441. Mr. Justice Wachenfeld, speaking for the Supreme Court in the latter case said:

"The question immediately arises as to the effect of the two ordinances of July, 1946. Although they were enacted subsequent to prosecutors'' application, they must be considered in this determination since that law governs which is in effect at the time of the disposition of the cause by the appellate court."

Ordinance No. 764 of April 14th, 1931, having been repealed by Ordinance No. 993 of April 23d, 1946, applying the rule laid down in *Phillips et al.* v. *Town of Belleville, supra,* we might ordinarily have no alternative except to dismiss the writ. We desire, however, to base our conclusions on the merits.

It is elementary that one attacking a zoning ordinance as unreasonable is met by the presumption that the ordinance is reasonable and must bear the burden of establishing the contrary. *Brandon* v. *Montclair,* 124 *N. J. L.* 135; 11 *Atl. Rep.* (2d) 304; *affirmed,* 125 *N. J. L.* 367; 15 *Atl. Rep.* (2d) 598, opinion by Mr. Justice Heher. See, also, the recent case of *Yoemans el al.* v. *Township·of Hillsborough el al.,* 135 *N. J. L.* 599; 54 *Atl. Rep.* (2d) 202, opinion by Mr. Justice Colie.

In *Peterson* v. *Borough of Palisades Park,* 127 *N. J. L.* 190; 21 *Atl. Rep.* (2d) 777, Mr. Justice Heher, speaking for this court said:

"There is a presumption in favor of the validity of the action of the local authority; and the burden is on the landowner to establish by evidence that the denial is arbitrary. *Silvester* v. *Princeton,* 104 *N. J. L.* 18.

"Here, the landowner did not sustain the *onus* thus resting upon her. She adduced no evidence before the Board of

Adjustment to establish her asserted right to a variation from the terms of the ordinance; and there was therefore no jurisdiction in that tribunal to grant the relief thus sought. The depositions taken after the allowance of the writ herein do not serve prosecutrix in this behalf. *Cook* v. *Board of Adjustment,* 118 *N. J. L.* 372; *Amon* v. *Rahway,* 117 *Id.* 193; *St. Mary's Church* v. *Board of Adjustment,* 14 *N. J. Mis. R.* 288; *Shaiman* v. *Mayor, &c.,* 15 *Id.* 437; *Fonda* v. *O'Donohue,* 109 *N. J. L.* 584; *Schnell* v. *Township Committee,* 120 *Id.* 194."

Depositions were taken after the allowance of the writ herein. They, of course, cannot avail prosecutor in an attempt to prove that the denial of the permission sought for was arbitrary. *Peterson* v. *Borough of Palisades Park, supra; Potts* v. *Board of Adjustment,* 133 *N. J. L.* 230; 43 *Atl. Rep.* (*2d*) 850.

Prosecutor-appellant raises the following points in support of its contention: (1) that the regulation of aviation fields is not within the scope of the Zoning Act, and (2) that it is beyond the scope of the zoning ordinance to regulate the use of lands. Both of these contentions have been impliedly decided adversely to the appellant in *Yoemans et al.* v. *Township of Hillsborough et al., supra.*

On the record before us we conclude that prosecutor has not sustained the burden of proof upon it to show that the action of the Board of Adjustment complained of was in any way arbitrary or unreasonable. The Board of Adjustment therefore, under the proofs submitted before it, had no other alternative except to deny prosecutor's petition.

The action of the Board of Adjustment is sustained and the writ is dismissed, with costs.