23 N.J. Super. 553 (1952)
93 A.2d 406
THEODORE LAPPAS, PLAINTIFF-RESPONDENT,
v.
BOARD OF ADJUSTMENT OF THE BOROUGH OF WESTWOOD, BERGEN COUNTY, NEW JERSEY, AND MARTIN SCHUMACHER, & C., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1952.
Decided December 15, 1952.
*554 Before Judges FREUND, STANTON and CONLON.
Mr. Milton T. Lasher argued the cause for the defendants-appellants (Mr. Francis G. Schmid, Jr., attorney).
Mr. Theodore Chazin argued the cause for the plaintiff-respondent (Mr. Harry Randall, attorney; Messrs. Chazin & Chazin, of counsel).
The opinion of the court was delivered by FREUND, J.S.C. (temporarily assigned).
In February 1951 the plaintiff purchased certain premises on Kinderkamack Road in a residential zone of the Borough of Westwood, Bergen County, on which was located a one-family dwelling. The next month the house was sold and removed from the property. The plaintiff then applied for a permit to use the vacant land as a parking lot. The permit was denied by the local building inspector and on appeal by the board of adjustment. On appeal to the Law Division of the Superior Court, judgment was entered in favor of the plaintiff, for the reason that "the zoning ordinance does not embrace the regulation of the use of vacant land, and that if it did so, it would be unconstitutional."
*555 The Constitution of 1947, Article IV, Section VI, paragraph 2, expressly empowers the Legislature to enact general laws under which municipalities may adopt zoning ordinances to regulate "the nature and extent of the uses of land," whereas the Constitution of 1844, as amended, limited the enactment of legislation and the adoption of zoning ordinances to the regulation of buildings and structures. Pursuant to the recent constitutional change, the Legislature in 1948 amended the enabling act, R.S. 40:55-31, by enacting chapter 305, which provides that the governing body of a municipality may regulate and restrict "the nature and extent of the uses of land * * *."
In 1933 the Borough of Westwood adopted a zoning ordinance, the title of which did not purport to restrict the use of land, but only buildings and structures; however, the body of the ordinance did provide for restriction of the use of vacant land. Thus, section 3(B) reads as follows: "No lot hereafter may be used * * * except in conformity with the provisions of this Ordinance," which prohibits any industrial, manufacturing, trade or commercial use with certain exceptions, which do not include "parking lot." Following the constitutional and statutory changes, the zoning ordinance was not amended to conform therewith, and the denial of the plaintiff's application was under the authority of the 1933 ordinance.
Two questions are raised: (1) Was it necessary for the municipality to reenact an ordinance restricting the use of vacant land subsequent to the adoption of the 1947 Constitution and the enactment of the enabling legislation; and (2), if not, is the ordinance valid since the title does not purport to restrict the use of land while the body of the ordinance does?
The plaintiff argues that prior to the adoption of the 1947 Constitution and the enabling act thereunder, the regulation of vacant land by a municipality was unconstitutional, and the trial court so declared, relying upon Midland Park Coal, &c., Inc. v. Terhune, 136 N.J.L. 442 (Sup. Ct. *556 1948), affirmed 137 N.J.L. 603 (E. & A. 1948), and Struyk v. Samuel Braen's Sons, 17 N.J. Super. 1 (App. Div. 1951), affirmed 9 N.J. 294 (1952). The defendant argues that in the interest of the public welfare it was not beyond the scope of a zoning ordinance to regulate the use of lands, relying upon Yoemans v. Hillsborough, 135 N.J.L. 599 (Sup. Ct. 1947) and Ridgewood Air Club v. Board of Adjustment of Ridgewood, 136 N.J.L. 222 (Sup. Ct. 1947).
However, the authority of a municipality under the present Constitution to regulate the use of vacant land is unquestioned, and, therefore, it is not necessary to decide whether a municipality could, prior to the enactment of the new Constitution and the enabling legislation, validly zone vacant land except in the exercise of the police power in promoting the general welfare of the community. Until 1948 the provisions of the 1933 zoning ordinance which purported to zone vacant land were at worst inoperative and unenforceable. McLorinan v. Ryno, 49 N.J.L. 603, 607 (Sup. Ct. 1887); Allison v. Corker, 67 N.J.L. 596 (E. & A. 1902).
Clearly, the Constitution and legislation thereunder are to be given prospective operation only, unless an intention to make them retrospective is clear. Robert Realty Co. v. Orange, 103 N.J.L. 711 (E. & A. 1927); Washington National Ins. Co. v. Board of Review, 1 N.J. 545 (1949); Goff v. Hunt, 6 N.J. 600, 608 (1951); Cooley's Constitutional Limitations (8th ed.), page 136. Assuming arguendo that a municipality had no power to regulate the use of vacant land prior to the 1947 Constitution, the new Constitution and the enabling legislation remedied such deficiency as far as future application was concerned.
Here, the plaintiff acquired title to his property and made application for a permit in 1951, when the Constitution and the statutes expressly empowered a municipality to regulate the use of vacant land within a residential area. The ordinance is challenged at a time when the constitutional and statutory changes had cured any previously existing defect in the municipality's regulation of the use of vacant *557 land. Moreover, admittedly the plaintiff knew the restrictions of the municipal zoning ordinance in residential areas, for in 1950 he applied for and was granted a variance to use as a parking lot the area immediately adjoining that now under consideration. Now that his application to enlarge the parking lot has been denied, he attacks the constitutionality of the very ordinance under which he has been operating.
The facts here are clearly distinguishable from those in Robert Realty Co. v. Orange, supra. There the Court of Errors and Appeals pointed out:
"* * * that the judgment now before us was rendered some nine months prior to the adoption by the people of our state of the amendment to our constitution, which declares that zoning ordinances similar to that involved in the present case shall hereafter, when legally adopted, be deemed to be within the police power of the state, and that, consequently, its validity is not affected by the subsequent change in our fundamental law."
Here, the change in the fundamental law empowering a municipality to regulate the use of vacant land had been in force and effect before the plaintiff acquired his property. He had no vested right  indeed he had no interest at all  in the parcel of real estate at the time the ordinance may have been of no efficacy. If a vested right is affected by an ordinance its validity may be doubtful, but here the plaintiff took title subject to the existing Constitution, statutes and ordinances in effect at the time of his purchase, at which time a municipality could lawfully regulate "the nature and extent of the uses of land * * *."
The title of an ordinance is unessential and does not control the tenor of the enactment. An ordinance is effective even though its subject matter goes further than the title, and any variance between the title and the body of the ordinance is not a fatal defect. Hershoff v. Treasurer of Beverly, 45 N.J.L. 288 (Sup. Ct. 1883); Weiner v. Perth Amboy, 106 N.J.L. 276 (Sup. Ct. 1930).
Reversed, without costs.