(No. 34652.—

ALVINA W. ECKHARDT, Appellee, *vs.* THE CITY OF DES PLAINES, Appellant.

*Opinion filed May 21, 1958.*

MARSHALL S. HOWARD, of Chicago, for appellant.

SAMUEL T. LAWTON, JR., of Chicago, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal by the city of Des Plaines from a declaratory judgment of the circuit court of Cook County holding the city's zoning ordinance void as to the property of the plaintiff, Alvina W. Eckhardt. Since the ordinance prohibits the granting of variations, this case does not fall within the rule set out in *Bright* v. *City of Evanston,* 10 Ill.2d 178.

The property in question is located at the northeast corner of the intersection of Des Plaines Avenue, a heavily traveled four-lane pavement, and River Street. It is about the center of a neighborhood extending from Mill Street on the south to approximately Perry Street extended to the north, and is improved with a two-story frame residence and a small stucco residence to the rear. Plaintiff purchased the premises in August, 1954, and has occupied them with her family as a residence since October 5, 1954. She now seeks to operate an old ladies' home or nursing home thereon.

It is contended by plaintiff that the zoning ordinance imposes a restrictive classification upon her property without substantial relation to the public health, safety, comfort, morals and welfare; that the ordinance in relegating nursing-home use to business or commercial districts is void as an unreasonable classification; and that such ordinance is in violation of her constitutional rights and violates the Revised Cities and Villages Act.

The east side of the section of Des Plaines Avenue heretofore referred to and the area to the east is zoned residential, while the west side of Des Plaines Avenue and the area to the west is zoned commercial. Both sides of Des Plaines Avenue and all of the property to the east are largely occupied by single family dwellings about 40 years old. The only commercial establishments in the immediate area (other than those on Pearson Street) are a gas station on the east side of Des Plaines Avenue and two gas stations and an automobile garage and sales agency on the west side thereof. The one gas station on the east side, however, is south of Mill Street, and of those businesses on the west side, only one gas station is north of Mill Street extended. The record discloses some multi-family occupancy along Des Plaines Avenue.

The position taken by the plaintiff is that her property is characterized by the commercial zoning and uses near it, the heavy traffic in front of it, and the multiple-family use of the area of which it is a component part. She produced considerable evidence as to the commercial use of property abutting on Pearson Street which bisects Des Plaines Avenue at an angle from the southwest about a block north of the subject property, with a small triangular park separating the two streets at the apex opposite plaintiff's property. Such evidence is not impressive since that street is zoned for commercial use. It is noteworthy that even though the west side of Des Plaines Avenue is also zoned commercial, the majority of the property use on that side of the street is residential.

We see no purpose in detailing the testimony produced. It fixes the character of the area as suitable for single-family occupancy and it is primarily used for that purpose. This is an old established residential neighborhood. There have been few recent changes except for remodeling. The record discloses that the properties are painted and in good repair. Old and beautiful trees abound, and lawns are well

tended. A statement, particularly appropriate here, appears in *Kennedy* v. *City of Chicago,* 11 Ill.2d 302, at page 308: "We are not aware of any rule of law which ordains that older residences, as distinguished from new ones, are not entitled to the protection of the zoning laws, particularly where, as here, the older residences are shown to be in good repair and to have undergone extensive modernization."

The neighborhood is the same now as it was when plaintiff purchased the property in 1954 with full knowledge that it was zoned for residential use. She paid $19,000 for it and that is the approximate present valuation placed upon it for residential purposes by her witnesses. It is true that she is not precluded from challenging a pre-existing classification, but her purchase of the property in the face of an existing restriction leaves her in a considerably less favorable position to challenge the ordinance than an owner who purchased prior to the classification or reclassification of the property. See *Bolger* v. *Village of Mount Prospect,* 10 Ill.2d 596; *People ex rel. Alco Deree Co.* v. *City of Chicago,* 2 Ill.2d 350.

It is next argued that the zoning ordinance makes no specific provision for nursing homes, although permitting hotels, boarding houses and the like in "B" multiple-family residence districts, that nursing homes are thus relegated to a business or commercial district and, therefore, there is unjust discrimination against this type of activity. Plaintiff grounds her argument upon the premise that the area is largely occupied as a multiple-family district, and that the ordinance is discriminatory in not placing nursing homes within the permissible uses in "B" districts. This argument is unavailable to her since we have heretofore found that the predominant character of the neighborhood is residential, and its use coincides with its "A" residential classification.

The burden is on the plaintiff to prove by clear and convincing evidence that the ordinance, as applied to her

property, is arbitrary and unreasonable and without substantial relation to the public health, safety or welfare. (*Mundelein Estates, Inc.* v. *Village of Mundelein,* 409 Ill. 291; *Krom* v. *City of Elmhurst,* 8 Ill.2d 104; *Skrysak* v. *Village of Mount Prospect,* 13 Ill.2d 329. We are of the opinion that she has wholly failed to sustain that burden.

The judgment of the circuit court of Cook County is accordingly reversed.

*Judgment reversed.*