MARY BURGARELLA ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF WEST HAVEN ET AL.

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE No. 76316

Memorandum filed December 12, 1967

*Leonard A. Schine,* of Bridgeport, for the plaintiffs.

*John W. Kline,* of New Haven, for the named defendant.

*Philbin, Donahue & Votto,* of West Haven, for defendant Dimenstein, trustee.

ZARRILLI, J. This is an appeal from the action of the defendant planning and zoning commission of West Haven, herein referred to as the commission, in granting the application of the defendant Morton Dimenstein, trustee, for a change of zonal classification from residence B to business on property including that of Paul Schlenther et al., located at 255–275 Saw Mill Road in West Haven, so that the trustee can erect thereon a gasoline service station and a restaurant. The land encompassed in the change included four single-family dwellings owned by four different owners on Saw Mill Road and Gretta Street and contained approximately 65,000 square feet.

By stipulation of the parties, one of the plaintiffs, Joseph W. McLaughlin, is an aggrieved person, entitling him to maintain this appeal, and it is so found by the court.

On February 2, 1967, during the pendency of this appeal, the commission repealed the building zone regulations and map which were in effect when the commission acted upon the application, and in lieu thereof it enacted a zoning resolution and comprehensive zoning map, including the subject premises, effective March 1, 1967. No appeal was taken by the plaintiff from that action. The present regulations now permit the defendant Morton Dimenstein, trustee, to utilize the property under consideration for the proposed uses.

Upon these facts, the defendants strenuously claim that the issues raised by the appeal have become moot since the regulations upon which the commission acted are no longer in effect. The specific question for determination then is whether or not the court should decide this appeal on the basis of the regulations which were repealed or on those which are presently in effect.

An exhaustive research of our Supreme Court decisions, both by counsel and the court, fails to reveal that this precise question has ever been decided in Connecticut. In other jurisdictions, the majority rule appears to be that the law in effect when a judgment by the court is made is controlling as opposed to that in effect when the proceedings were instituted before the commission or when the commission entered its decision upon the application. See 8A McQuillin, Municipal Corporations (Rev. 1965) § 25.338. In 2 Metzenbaum, Zoning (2d Ed.), p. 1202, it is stated: "It is the general rule that: (a) It is the zoning law or ordinance in effect at the time of the *decision* of a court—upon a zon-

ing matter—which governs." In *Caputo* v. *Board of Appeals*, 330 Mass. 107, 111, the court held that the "fact that the plaintiff filed his application for a permit before the ordinance was amended gave him no vested rights." The state of New Jersey, in *Ridgewood Air Club* v. *Board of Adjustment*, 136 N.J.L. 222, 225, holds that that law governs which is in effect at the time of the disposition of the cause by the appellate court.

Although not directly in point, the following statement appearing in *Edward Balf Co.* v. *East Granby*, 152 Conn. 319, 323, is significant with respect to the probability that our Supreme Court will follow the majority rule: "[S]ince zoning regulations are presumed to be for the welfare of the entire community, the mere institution of a legal proceeding to determine the plaintiff's rights should not be allowed to 'freeze' his rights and possibly upset the development of a community according to its comprehensive plan."

Since the present regulations permit the use intended to be made of the subject property, the plaintiff gains nothing by the application of the pre-existing regulations. Even though this appeal were to be sustained on the ground that the commission acted illegally, arbitrarily and in the abuse of its discretion in granting a change of zonal classification, the defendant Dimenstein can immediately apply for and obtain a building permit for the construction of a gasoline station and restaurant under the present regulations governing the property in question. The majority rule, applying the law as it exists at the time an appellate court makes its determination, "is simply a practical, common sense means of doing substantial justice and of avoiding the necessity of protracted retrials which inevitably will result in the same decision. The

ultimate decision to which a party is entitled should not be delayed by vain formalities. No useful purpose would be served by having the board hear the application for a variance *de novo.*" *Matter of Thomas* v. *Board of Standards & Appeals,* 263 App. Div. 352, 358 (N.Y.); *Paliotto* v. *Dickerson,* 22 App. Div. 2d 929 (N.Y.).

Consequently, based upon reason and logic, it is the opinion of this court that the majority rule should be adopted in Connecticut. The issues presented are moot.

The appeal is dismissed.