510

## CIRCUIT COURT OF CHESTERFIELD COUNTY

Chesterfield County

v.

Thomas Beck

April 28, 1989

Case No. CR 88520853

By JUDGE HERBERT C. GILL, JR.

On December 12, 1988, evidence was presented to the Court in regard to the County's allegations of Defendant's noncompliance with zoning Ordinance No. 86-309. Upon the conclusion of such, Defendant's counsel requested that the County's evidence be stricken, asserting that Ordinance No. 86-309 adopted by the Chesterfield County Board of Supervisors set forth certain requirements in violation of Article I, Section 11, of the Virginia State Constitution and the Fifth Amendment of the United States Constitution and that said ordinance as specifically applied to Defendant constituted a denial of equal protection under the laws. In brief, Defendant argues:

1. Condition No. 8 requiring dedication of right-of-way renders the Ordinance unreasonable and constitutionally void on its face.
2. Condition No. 5 requiring fence construction renders the Ordinance discriminatory and constitutionally void as applied to Defendant.

3. Condition No. 10 regarding appropriate lighting is inapplicable as Defendant does not own the lighting system.

4. Condition No. 11 regarding appropriate signage is inapplicable as Defendant was issued a permit by the County.

The County alleges that Defendant Beck violated several conditions of zoning imposed by the Board of Supervisors and thereby is subject to a fine pursuant to § 21-10 of the Code of Chesterfield County (1974). The County argues that the Ordinance is constitutionally valid as written and applied. Even assuming a condition is not constitutionally valid, the Court may sever the Ordinance preserving that which is permissible. In addition, the County asserts that the Court is unable to consider Defendant's arguments in regard to Conditions 10 and 11 as no evidence was presented substantiating Defendant's claim.

Upon consideration of the evidence and memoranda submitted, it is the opinion of the court that defendant's motion should be denied. The Court schedules the matter for hearing on June 3, 1989, at 9:00 a.m. Counsel and the Defendant are required to be present on that date.

On request by Kenneth Wells, the Chesterfield Board of Supervisors on March 14, 1986, approved by Ordinance No. 86-309 the reclassification of the subject property from Community Business (B-2) and Residential (R-7) to General Business (B-3). *See* County's Exhibit No. 2. Said Ordinance sets forth fifteen specific conditions of the reclassification. On April 8, 1986, Kenneth and Norma Wells conveyed the subject property to Defendant Beck.

Although Defendant Beck had indicated to county officials that he would comply with the conditions, he subsequently stated to county officials that he would not dedicate the right-of-way as provided by Condition No. 8 of the Ordinance. *See* Testimony of K. Turner, Tr. 49. On September 16, 1988, Defendant Beck was served a warrant for twelve items of noncompliance with the zoning Ordinance. *See* County's Exhibit No. 3.

The County of Chesterfield has the burden of proving beyond a reasonable doubt every essential fact necessary to establish the violations cited. *Washington & Old Dominion R. v. Alexandria*, 191 Va. 184 (1950). Defendant Beck has

the burden of proving that the Ordinance is unconstitutional as drafted or as applied to the subject property. *Cupp v. Board of Supervisors*, 227 Va. 580 (1984).

Legislative action of the Board of Supervisors is presumed constitutionally valid and, "if the reasonableness of a zoning ordinance is fairly debatable, it must be sustained." *Id.*, 227 Va. 580 (1984), citing *Board of Supervisors v. Carper*, 200 Va. 653 (1959). The evidence of "invalidity" must be clear and convincing. *Id.*, 227 Va. 580 (1984). *See also* 82 Am. Jur. 2d *Zoning* Sections 28 and 29 (1974).

Pursuant to § 21-35.2 of the Code of Chesterfield County and in accordance with § 15.1-491.2 of the Virginia Code, reasonable conditions may be proffered and adopted as a part of a rezoning. The director of planning is vested with enforcement authority. Section 21-35.3 of the Code of Chesterfield County, in accordance with § 15.1-491.3 of the Virginia Code.

Defendant's motion gives rise to an issue that has not been previously addressed in Virginia. That is, whether and to what extent the Court may consider Defendant's constructive knowledge of the zoning conditions prior to the conveyance of the parcel and Defendant's subsequent conduct.

There is a split among authorities. Annot., 17 A.L.R. 3d 743 (1968). Some jurisdictions hold that a subsequent purchaser's knowledge and conduct is immaterial. *See e.g., Carter v. Bluefield*, 54 S.E.2d 747 (W. Va. 1949). Several jurisdictions have held that the mere fact the zoning regulations were in effect at the time of sale does not preclude the purchaser from attacking the validity of the regulation; however, the Court may consider such in determining the invalidity of the regulation. *See e.g., Eckhardt v. Des Plaines*, 150 N.E.2d 621 (Ill. 1958), and generally *West Torresdale Civ. Ass. v. Zoning Board of Adjustment*, 513 A.2d 515 (Pa. 1985), *Schere v. Township of Freehold*, 292 A.2d 35 (N.J. 1972). According to the Court in *Eckhardt v. Des Plaines*, 150 N.E.2d 621 (Ill. 1958), the purchaser is in a less favorable position.

A few authorities hold that the purchaser fails to have standing, *see e.g., Lappas v. Board of Adjustment*, 93 A.2d 406 (N.J. 1952), or the purchaser is precluded under particular circumstances to attack the validity

of the ordinance, *see e.g.*, *Skipjack Cove Marina, Inc. v. Cecil County*, 250 A.2d 260 (Md. 1969), also *Greenhills Home Own. Corp. v. Village of Greenhills*, 215 N.E.2d 403 (Ohio 1966), whether the purchaser is seeking declaratory relief or attempting to forestall conviction for violation of zoning conditions, *see e.g.*, *State v. Modern Box Makers*, 13 N.W.2d 731 (Minn. 1944). The "particular circumstances" usually refer to acquiescence for a long time or failure to assert available remedies. *See* Annot., 17 A.L.R. 3d 743 (1968).

The majority of jurisdictions that have addressed this issue are in accord that a purchaser stands in a less favorable position. *See* Annot., 17 A.L.R. 3d 743 (1968). Note the following:

1. Purchaser is a *de facto* participant to the rezoning process.

2. Purchaser reaps the benefit of the reclassification.

3. Purchaser may pursue certain administrative remedies (such as a variance).

4. Purchaser has constructive knowledge of the conditions.

In accordance with the aforementioned authorities, this Court adopts the following two step analysis. First, does the purchaser's conduct constitute acquiescence by waiver, estoppel or laches, *e.g.*, by passage of time or failure to pursue available remedies, and if so, the purchaser will be precluded from attacking the Ordinance as drafted or applied to the subject property, *i.e.*, the purchaser fails to have standing to challenge the Ordinance. If not, the court may consider purchaser's constructive knowledge in determining the merits of the purchaser's contention that the Ordinance is constitutionally void as applied.

Defendant is precluded from challenging the constitutionality of the Ordinance as drafted or applied. Defendant apparently did nothing to challenge the ordinance or its application prior to issuance of the summons. Two and a half years lapsed from the time of sale and service of the complaint. Defendant represented to county officials that he would dedicate the right-of-way. Defendant reaped

the benefit of the reclassifications with knowledge of the conditions.

Even assuming that Defendant's conduct does not constitute acquiescence, Defendant has failed to prove by clear and convincing evidence that the Ordinance is invalid as drafted or as applied. The reasonableness of the zoning ordinance is fairly debatable and therefore must be sustained.

Unlike the circumstances presented in *Bd. Sup. James City County v. Rowe*, 216 Va. 128 (1975), and *Cupp v. Board of Supervisors*, 227 Va. 580 (1984), a sufficient nexus exists between Condition No. 8 and the reclassification. *See* Testimony of McCracken, Tr. 35-36. Further, Defendant stands as a subsequent purchaser with constructive knowledge of the dedication requirement and, at least initially, represented to county officials that he would comply with Condition No. 8.

Defendant's allegation of discriminatory conduct is without merit. Although solid board fences were not required for adjacent properties, county officials noted that those properties had been reclassified several years prior to the rezoning of the subject property. *See* Testimony of K. Turner, Tr. 17-19. No evidence suggests that the properties support similar commercial purposes.

In regard to Defendant's claim that conditions 10 and 11 are inapplicable for reasons previously stated, the County accurately asserts that no evidence has been presented in support of such claims. The Court cannot consider claims unsupported by evidence.

The County has presented sufficient evidence tending to establish the necessary elements in prosecution of the twelve items of noncompliance. The violations have been explained, and Defendant's failure to address said violations has been noted. *See* Testimony of K. Turner, Tr. 10-12, and County's Exhibit # 3. Defendant's motion to strike is denied for the aforementioned reasons.